## BUTLER ET AL. *v.* WHITEMAN.

No. 200, Misc.   Decided April 14, 1958.

PER CURIAM.

The motion for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted.   The judgment is reversed and the cause is remanded for trial. We hold that the petitioner's evidence presented an evidentiary basis for jury findings as to (1) whether or not the tug *G. W. Whiteman* was in navigation, *Senko* v. *LaCrosse Dredging Corp.,* 352 U. S. 370, 373; *Carumbo* v. *Cape Cod S. S. Co.,* 123 F. 2d 991; (2) whether or not the petitioner's decedent was a seaman and member of the crew of the tug within the meaning of the Jones Act, 41 Stat. 1007, 46 U. S. C. § 688; *Senko* v. *LaCrosse Dredging Corp., supra; Gianfala* v. *Texas Co.,* 350 U. S. 879; *South Chicago Co.* v. *Bassett,* 309 U. S. 251; *Grimes* v. *Raymond Concrete Pile Co.,* 356 U. S. 252; .and (3) whether or not employer negligence played a part in producing decedent's death.   *Ferguson* v. *Moore-McCormack Lines,* 352 U. S. 521; *Rogers* v. *Missouri Pacific R. Co.,* 352 U. S. 500; *Schulz* v. *Pennsylvania R. Co.,* 350 U. S. 523.

For reasons set forth in his opinion in *Rogers* v. *Missouri Pacific R. Co.,* 352 U. S. 500, 524, MR. JUSTICE

FRANKFURTER is of the view that the writ of certiorari is improvidently granted.

MR. JUSTICE HARLAN, whom MR. JUSTICE WHITTAKER joins, dissenting.

I think the evidence is insufficient to raise a question for the jury as to whether petitioner's decedent at the time of the accident was a seaman within the purview of the Jones Act.

Respondent was the owner of a wharf, barge and tug, all situated on the Mississippi River. The barge was moored to the wharf, and the tug was lashed to the barge. On October 7, 1953, the decedent met death by drowning in unclear circumstances. He was last seen alive running across the barge to the tug, and it was petitioner's theory of the case that the decedent had fallen into the river between the barge and the tug, and that respondent was liable under the Jones Act because of his negligent failure to provide a gangplank for crossing between the two vessels.

For some months before the accident the tug had been withdrawn from navigation because it was inoperable. During the entire year of 1953 the tug had neither captain nor crew and reported no earnings; the only evidence of its movement during the year related to an occasion on which it was towed to dry dock. At the time of the accident the tug was undergoing rehabilitation preparatory to a Coast Guard inspection, presumably in anticipation of a return to service. During the period of the tug's inactivity, the decedent was employed as a laborer doing odd jobs around respondent's wharf, and on the morning of the accident he had been engaged in cleaning the boiler of the tug.

In my opinion it taxes imagination to the breaking point to consider this unfortunate individual to have been

a seaman at the time of the accident within the meaning of the Jones Act, and I think that if a jury were so to find, its verdict would have to be set aside. *Desper* v. *Starved Rock Ferry Co.,* 342 U. S. 187. Because I would affirm the judgment of the Court of Appeals on this ground, I do not reach the question whether the accident was attributable in any way to respondent's negligence.