Christian F. BRAEN, Plaintiff-Appellee,

v.

PFEIFER OIL TRANSPORTATION COMPANY, Inc., Defendant-Appellant.

No. 40, Docket 25095.

United States Court of Appeals Second Circuit.

Argued Oct. 24, 1958.

Decided Jan. 23, 1959.

Certiorari Granted March 30, 1959.

See 79 S.Ct. 740.

Purdy, Lamb & Catoggio, New York City, for appellant. Edmund F. Lamb, New York City, of counsel.

Bernard Rolnick, New York City, for appellee. Benjamin H. Siff, New York City, of counsel.

Before SWAN and MOORE, Circuit Judges, and KAUFMAN, District Judge.

SWAN, Circuit Judge.

This is an action brought under the Jones Act, 46 U.S.C.A. § 688, in which plaintiff recovered judgment after a jury trial. The principal question presented by the appeal is whether at the time of his accident plaintiff was a "seaman" in-

jured in the course of his employment within the meaning of the Jones Act, which provides in pertinent part:

"Any seaman who shall suffer personal injuries in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury * * *"

The appellant contends that plaintiff at the time of his injury was subject to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., which provides his exclusive remedy against appellant.

Plaintiff was employed as mate on appellant's barge Pfeifer No. 2. On the day prior to his injury, which occurred on January 22, 1953, Pfeifer No. 2 came to defendant's repair yard at West Brighton, Staten Island, for repairs to a cargo pump. At the repair yard defendant maintained a covered lighter, known as the Winisook, which was used as a work barge. Its inshore side was connected with the dock by a plank runway, and between the Winisook and the dock was a raft which was employed in making certain kinds of repairs but was not intended to be used and was not used in repairing the cargo pump of Pfeifer No. 2. When the No. 2 was brought to the repair yard she was moored to the outshore side of the Winisook. On the morning of the accident plaintiff worked aboard for about an hour in dismantling the cargo pump. He was then ordered by defendant's vice-president in charge of repair work to perform some carpentry work on the above mentioned raft.[1]

Plaintiff collected carpentry tools to be used by him on the raft and then proceeded along the "catwalk" on the side of the Winisook preparatory to boarding the raft and commencing work on it. While doing so he fell from the Winisook to the raft, sustaining the injuries for which he sued.

At the close of plaintiff's case defendant moved to dismiss the action. Decision on the motion was reserved. Defendant's motion for a directed verdict at the close of the entire case was denied. A motion for judgment n. o. v. was also denied. On its appeal defendant argues (1) that plaintiff as a matter of law is not entitled to maintain suit under the Jones Act; (2) that even if the evidence gives rise to a fact issue as to plaintiff's right to maintain the suit, the trial court failed to instruct the jury properly, and erred in denying defendant's requests to charge; and (3) that error was committed in denying defendant's motion to strike plaintiff's testimony that something on the Winisook gave way causing him to fall.

It is established law that determination as to whether a maritime employee, who may generally be classified as a seaman, may recover indemnity for injuries under the Jones Act or is limited in a federal court to compensation under the Longshoremen's and Harbor Workers' Compensation Act depends upon the nature of the service being performed at the time the injuries are sustained.[2] The Longshoremen's Act restricts the benefits of the Jones Act to "members of a crew of a vessel." Swanson v. Marra

---

1. Plaintiff testified on direct examination as follows:

"Q. Now, after you dismantled this protection that was over the pump, did you receive orders from one of your superiors to do something? A. I did.

"Q. And who did you receive orders from? A. Mr. Edward Smith.

"Q. And will you tell us what orders you received? A. We had been busy for approximately an hour, and Mr. Smith determined that it was too much help on the one job, and he said, 'Mr. Braen, you were formerly a carpenter,' and I said, 'Yes.'

"He said, 'Well, I would like you to finish putting this top deck of planks on this raft over here, so that we can use it. Get this job done.'

"Well, that was it."

2. Nogueira v. New York, N. H. & H. R. Co., 281 U.S. 128, 137, 50 S.Ct. 303, 74 L.Ed. 754; Desper v. Starved Rock Ferry Co., 342 U.S. 187, 190, 72 S.Ct. 216, 96 L.Ed. 205; Pennsylvania R. Co. v. O'Rourke, 344 U.S. 334, 340, 73 S.Ct. 302, 97 L.Ed. 367; Senko v. La Crosse Dredging Co., 352 U.S. 370, 371, 77 S.Ct. 415, 1 L.Ed.2d 404.

Bros., 328 U.S. 1, 66 S.Ct. 869, 871, 90 L. Ed. 1045. To recover, therefore, the present appellee had to be a member of the crew of Pfeifer No. 2, as that term is used in the Longshoremen's Act, at the time of his injury. See Senko v. La Crosse Dredging Co., 352 U.S. 370, 371, 77 S.Ct. 415, 416, 1 L.Ed.2d 404. In that case a verdict for Senko was set aside on appeal upon the ground that the evidence was insufficient to support the finding that he was a member of a crew. This in turn was reversed, a majority of the Supreme Court holding that there was sufficient evidentiary basis for the jury's finding. In so holding the court cited South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 257, 60 S.Ct. 544, 84 L.Ed. 732, for the proposition that "whether or not an employee is ' "a member of a crew" turns on questions of fact,' and that, if a finding on the question has evidence to support it, the finding is conclusive." We are well aware that a jury verdict is not to be upset by an appellate court, if there is any evidence to support it. But we do not understand that, when there is no such evidence, the appellate court may not upset the verdict.[3] In the case at bar there was no contradiction of plaintiff's testimony as to the nature of the service he had been ordered to perform and was about to perform when the accident happened. Nor does the record contain, in our opinion, any evidence susceptible of contrary inferences. Consequently we believe that plaintiff was subject to the Longshoremen's Act, not the Jones Act, since he was not injured in the course of his employment as a seaman or as a member of the crew of Pfeifer No. 2, and that defendant's motion for a directed verdict should have been granted.

■ However, should we be wrong in thinking that no jury question was presented, the case might be returned to us to pass upon the appellant's contention as to the instructions given the jury.[4] Therefore we shall consider them. We are convinced that the charge on this subject was inadequate. The court charged:

"While it seemed at the outset to be some question as to whether or not he was a member of the crew, it does not seem to be seriously disputed that at the time of the accident he was a member of the crew.

"Whether or not at the time of the accident he was engaged in functions which are normally performed by a member of the crew, and as he stated, some functions he gave in detail, that he did perform various functions prior to the date of the accident, are for you to determine."

Following defendant's exception to the charge, the court stated in a supplemental charge:

"I just want to make one amendment to my statement to you, ladies and gentlemen.

"I did state that it is not seriously disputed that the plaintiff was not a member of the crew. Apparently, according to the defendant's statement, he says that it is a serious issue.

"So I will leave that as an issue."

This only added further confusion to the original charge which failed to give the jury any test for determining whether the Jones Act was applicable to plaintiff. Defendant's exceptions to the charge were well justified. The court refused to submit four requests to charge which embody a correct statement of the applicable law and should have been given, at least in substance.[5]

---

3. See Norton v. Warner, 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 931, and the dissenting opinions in the Senko case, 352 U.S. 374–379, 77 S.Ct. 417–420, and in Grimes v. Raymond Concrete Pile Co., 356 U.S. 252, 78 S.Ct. 687, 2 L.Ed. 737.

4. In the Senko case, 352 U.S. at page 372, 77 S.Ct. at page 416, the court noted that the jury's finding "was made under specific instructions not objected to here."

5. Defendant's requests read as follows:
"1. The mere fact that the plaintiff had been a seaman and member of the crew of the barge Pfeifer #2 prior to

We see no merit in appellant's contention that plaintiff's testimony that something "gave way" on the Winisook causing him to fall should have been stricken.

For the reasons stated in the first part of our discussion we think the motion for a directed verdict should have been granted. Accordingly the judgment is reversed with directions to dismiss the complaint.

KAUFMAN, District Judge (dissenting).

I fully agree with the majority as to the insufficiency of the lower court's charge with respect to plaintiff's status at the time he was injured. On that ground, I would reverse and remand. However, the majority has gone further and directed a dismissal of the complaint and on this point I must regretfully dissent.

In effect, the court finds as a matter of law that the plaintiff was not injured in the course of his employment as a seaman or crew member. As the majority concedes this is a factual question and as such is properly left to the jury whose finding will not be disturbed if there is any evidence to support it. In my opinion there was sufficient evidence in this case to enable a jury to reasonably find that plaintiff was a seaman in the course of his employment at the time he was injured. See Grimes v. Raymond Concrete Pile Co., 1958, 356 U.S. 252, 78 S.Ct. 687, 2 L.Ed.2d 737; Butler v. Whiteman, 1958, 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed.2d 754; Senko v. LaCrosse Dredging Co., 1957, 352 U.S. 370, 77 S. Ct. 415, 1 L.Ed.2d 404.

I would therefore reverse and remand for a new trial.

"2. It is the nature and character of the work being performed by the plaintiff at the time his injury was sustained which determines whether he has the right to maintain this law suit.

"3. If you find that the work which the plaintiff was performing at the time he sustained his injury was not in connection with the furtherance of the navigation of the Pfeifer #2, your verdict must be for the defendant.

"4. The evidence shows that at the time plaintiff sustained his injury he was in furtherance of the work of completing the laying of a deck on a raft. Unless you find that this work was being done by the plaintiff as a member of the crew of the Pfeifer #2 expressly for the purpose of furthering the repair of the Pfeifer #2 in order to enable it to continue in navigation, your verdict must be for the defendant."