Nickolous **MACH**, Plaintiff,

v.

**PENNSYLVANIA RAILROAD COM-PANY**, Defendant.

Civ. A. No. 18248.

United States District Court
W. D. Pennsylvania.

May 4, 1960.

Louis C. Glasso, Pittsburgh, Pa., for plaintiff.

Aloysius F. Mahler, Pittsburgh, Pa., for defendant.

McILVAINE, District Judge.

The plaintiff has filed a complaint under the Federal Employers' Liability Act, 45 U.S.C.A. § 51, et seq., and an amended complaint seeking to recover under the Jones Act, 46 U.S.C.A. § 688.

The defendant has filed its motion to dismiss the complaint. In respect to plaintiff's action under the Federal Employers' Liability Act, it is clear that plaintiff is not pressing that phase of the

case, but will rely on its claim under the Jones Act. Accordingly, its claim under the Federal Employers' Liability Act will be dismissed.

██ However, in respect to plaintiff's claim under the Jones Act, this presents a more serious problem. Defendant claims that the plaintiff is barred from prosecuting this action because he receives benefits under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. It would appear obvious that the plaintiff's claim is under one or the other act. He cannot be under both. However, there can be no election of remedies unless two remedies are co-existent. Marceau v. Great Lakes Transit Co., D.C.W.D.N.Y. 1944, 53 F.Supp. 594. The remedies under these acts are not co-existent. He, therefore, could not be deemed to have made an election. However, it might be some evidence as to whether he thought himself a member of a crew.

It was obvious that plaintiff's counsel did not think this Court had jurisdiction under the general provision of the Federal Employers' Liability Act, and, hence, he amended to correct this defect by seeking to be covered under the Jones Act. In his amended compaint he alleges that plaintiff was a bargeman and a seaman, that he loaded and unloaded barges, inspected barges, maneuvered barges up and down the river, and maneuvered them in order to prepare them for navigation. If plaintiff can prove these facts, he will come within the rule the Supreme Court laid down in Butler v. Whiteman, 356 U. S. 271, 78 S.Ct. 734, 2 L.Ed.2d 754, wherein the Court held that if there is evidence that the vessel was used in navigation that the seaman was a member of a crew within the meaning of the Jones Act, and if the defendant was negligent, it is a question for the jury. The Court in the Butler case, supra, said if there

is evidence it is for the jury to determine whether or not the plaintiff was a seaman and a member of a crew. His counsel alleges those facts. He says he can prove them. We do not see why *at this stage* of the case defendant's motion should be granted.

██ We are aware of the case of Zientek v. Reading Company, 3 Cir., 220 F.2d 183, but that decision does not control the present question before the Court. The plaintiff should have an opportunity to prove whether he is a crewmember within the coverage of the Jones Act. We do not pass on the question of whether the decision in the Zientek case, supra, has been modified by the case of Grimes v. Raymond Concrete Pile Co., 356 U.S. 252, 78 S.Ct. 687, 2 L.Ed.2d 737, as such a ruling is not necessary for our determination of the instant motion.

If at the trial he offers the requisite proof of crew membership, a jury should have the opportunity to decide the issue. If he does not, his case should then be dismissed. We see no reason for piecemeal litigation of this issue. He has made a sufficient allegation for present purposes.

██ Defendant also urges that the statute of limitations is a bar to the act. We have considered this defense, but do not feel that the plaintiff is introducing a new cause of action.

### Order

And Now, to wit, this 4th day of May, 1960, for the reasons stated in the foregoing opinion, it is ordered and directed that defendant's motion to dismiss plaintiff's complaint under the Federal Employers' Liability Act should be granted, but it is further ordered and directed that defendant's motion to dismiss plaintiff's complaint under the Jones Act should be and hereby is denied.