Oscar A. WILLIAMS, Jr., Plaintiff,

v.

MILWHITE SALES CO., Defendant.

Civ. A. No. 11132.

United States District Court
E. D. Louisiana,
New Orleans Division.

Sept. 27, 1961.

Leonard S. Ungar, John P. Nelson, Jr., J. Thomas Nelson, New Orleans, La., for plaintiff.

Christovich & Kearney, A. R. Christovich, Jr., New Orleans, La., for defendant.

**J. SKELLY WRIGHT, District Judge.**

Alleging that he is a member of a crew of a vessel and demanding recovery under the Jones Act,[1] plaintiff brings this suit against his employer, a company engaged in servicing oil rigs in the Gulf of Mexico with drilling mud. Denying coverage,[2] the defendant, Milwhite, has moved to dismiss and for summary judgment.

Insofar as is relevant to these proceedings, the defendant's business consists of operating a warehouse with wharf frontage from which chartered barges are loaded with bags of drilling mud. The barges, towed by a chartered tug, are then brought alongside the offshore drilling rigs and unloaded. The plaintiff alleges that he was a member of the crew of the tug Billy Bob since it was his job to assist in loading the barges, to accompany the barges and the tug to location, and to assist in the unloading. This op-

---

1. 46 U.S.C.A. § 688.

2. See Perez v. Marine Transport Lines, D.C.E.D.La., 160 F.Supp. 853, at page 855: "The real test of coverage under the Jones Act is not whether the claimant is a seaman assisting in the navigation of the vessel or whether the vessel herself is plying the seven seas. The real, though by no means mechanical, test is whether the claimant is more or less permanently employed aboard the vessel in a capacity which contributes to the accomplishment of her mission. For example, cooks on board vessels may be just as important as the navigators. Drillers, on vessels used as drilling rigs, may be more important than navigators. And musicians may assist in the entertainment of passengers. Consequently, cooks, drillers, and musicians, as well as other persons not subject to being tattooed like ordinary seamen, may be members of the crew and, therefore, covered by the Jones Act."

eration often took several days, during which he slept and ate aboard the barge or the tug. At the time of the accident in suit, work was slack and Williams was assigned by his employer to repack bags of mud in the warehouse, the cloth covers of which had been holed by rats.

Defendant maintains that Williams was not a member of a crew of a vessel, that the Billy Bob was neither owned nor operated by it, nor were the barges. It admits that the Billy Bob and the barges were used for the purpose described, and that Williams participated in their use. It maintains, however, that Williams was primarily a laborer whose duties included working in the warehouse, loading and unloading the barges, and working on rigs as needed in connection with its mud servicing operations.

■■■ The question as to what makes a man a member of a crew of a vessel has been much labored of late.[3] One thing is certain. Absent a complete failure of evidence, the jury must make this determination.[4] The fact that a claimant was working ashore at the time of the accident is not decisive,[5] nor is the fact that the claimant at the time of his injury was assigned to duties unrelated to his vessel.[6] In determining Jones Act coverage the initial inquiry, of course, is whether the plaintiff was employed as a member of a crew of a vessel.[7] Once this is established, any injury suffered in the course of employment is covered irrespective of the place or the nature of the work being performed at the time.[8]

■■ The suggestion is made that since plaintiff was assigned to no particular barge, he had no more or less permanent attachment to a vessel and, consequently, was not a member of a crew. But the manner in which an employer decides to assign its work may not deny a seaman his rights under the Jones Act. As long as the seaman is working as such for his employer, although on different vessels, he nevertheless may be a member of a crew of a vessel and covered by the Act.[9]

■ Nor can the fact that his employer does not control the operation of the vessels affect his rights under the Jones Act. Irrespective of what arrangements his employer may make with other persons relative to the operation and navigation of the vessels, if in fact the employee is contributing to the current mission of the vessels, on a more or less permanent basis, then, in law, he becomes a member of a crew of a vessel.[10]

■ Under the Jones Act a seaman may sue only his employer,[11] and that employer may not deprive him of that right through extraneous arrangements with third parties. For example, if an employer, instead of owning or operating vessels, merely provides the catering on vessels, employees used in that service on vessels may, of course, be members of a crew of a vessel within the meaning of the Act. Feeding the crew certainly contributes to the vessel's mission, whatever it is. Under those circumstances, no

3. See Braen v. Pfeifer Transportation Co., 361 U.S. 129, and cases cited on page 131, 80 S.Ct. 247, 4 L.Ed.2d 191.

4. Butler v. Whiteman, 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed.2d 754; Gianfala v. Texas Company, 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775.

5. Senko v. LaCrosse Dredging Corp., 352 U.S. 370, 373, 77 S.Ct. 415, 1 L.Ed.2d 404; O'Donnell v. Great Lakes Co., 318 U.S. 36, 63 S.Ct. 488, 87 L.Ed. 596.

6. Braen v. Pfeifer Transportation Co., supra.

7. Swanson v. Marra Bros., 328 U.S. 1, 4, 66 S.Ct. 869, 90 L.Ed. 1045.

8. See Notes 5 and 6.

9. Braniff v. Jackson Ave.-Gretna Ferry, Inc., 5 Cir., 280 F.2d 523, at page 528: "The usual thing, of course, is for a person to have a Jones Act seaman status in relation to a particular vessel. But there is nothing about this expanding concept to limit it mechanically to a single ship."

10. Offshore Company v. Robison, 5 Cir., 266 F.2d 769.

11. Cosmopolitan Shipping Co. v. McAllister, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692.

more or less permanent attachment to a particular vessel would be required, as long as there was continuity of service on vessels.[12]

Here, plaintiff alleges that he is a member of a crew of a vessel, that he loads and unloads vessels, that he accompanies the vessels to location, that he assists in mooring the vessels, and that, when not active in this endeavor for his employer, he is used either on the rigs or in the warehouse performing odd jobs related to the employer's work. These allegations and supporting deposition make out a question of fact for the jury to determine Jones Act coverage.

Motion denied.

12. Compare Braniff v. Jackson Ave.-Gretna Ferry, Inc., supra.