Clyde KEYMON, Plaintiff-Appellee,

v.

TENNESSEE TOWING COMPANY and
Cale P. Haun, Defendants-Appellants.

No. 14441.

United States Court of Appeals
Sixth Circuit.

Dec. 14, 1961.

William Waller, Nashville, Tenn., and John L. Quinlan, New York City (D. L. Lansden and Waller, Davis & Lansden, Nashville, Tenn., John L. Quinlan, Bigham, Englar, Jones & Houston, New York City, on the brief), for appellants.

Ward DeWitt, Jr., and William J. Harbison, Nashville, Tenn. (Charles C. Trabue, Jr., Trabue, Minick, Sturdivant & Harbison, Nashville, Tenn., Shepherd, Heiskell, Williams, Beall & Wall, Memphis, Tenn., Irving N. Stenn, Chicago, Ill., on the brief), for appellee.

Before MILLER, Chief Judge, and MARTIN and MAGRUDER, Circuit Judges.

PER CURIAM.

The plaintiff, Clyde Keymon, a seaman within the purview of the Admiralty Courts, brought an action against the Tennessee Towing Company and Cale P. Haun. The defendant, Haun, was owner, and Tennessee Towing Company was lessee of the vessel "John Luchow." Haun was President of the Tennessee Towing Company. Keymon sought to recover damages for personal injuries, both on the allegation of negligence under the Jones Act [46 U.S.C.A. § 688] and on a charge of the unseaworthiness of the vessel, "John Luchow."

While cleaning the engine room of the vessel under orders of the Captain, the plaintiff had suffered severe injuries by reason of being burned with "Oakite," a powerful alkaline detergent having the burning propensities of caustic soda. He was working in the hold of the vessel when his trousers became damp with "Oakite" solution. This caused inflammation of his groin, followed by a chronic lymphedema of his genitals. At the time he received his injury, the plaintiff was forty-five years old. He had received only a fourth-grade education. He was, from substantial evidence, shown to have been thoroughly and completely disabled

and unable to follow any occupation for which he was qualified.

The case was tried to a jury on interrogatories in which the issues were separately submitted as to negligence and unseaworthiness. In their answers, the jury responded that the plaintiff was entitled to recover against the defendants on the theory of negligence under the Jones Act and on the theory of the unseaworthiness of the vessel. Damages were awarded by the jury in the amount of $78,700, plus an additional sum of $4,300 as "maintenance and cure."

■ We are in accord with the viewpoint of the United States District Judge that there was a duty resting on the employer to warn the plaintiff—a man of limited education and experience —of the dangerous character of the substance furnished him to be used in the work which he had been directed to do. It is thoroughly established that the Jones Act must be liberally construed as remedial legislation for the benefit and protection of seamen. Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265; Wilkes v. Mississippi Sand & Gravel Co., 202 F.2d 383, 387 (C.A. 6); Offshore Co. v. Robison, 266 F.2d 769, 774, 75 A.L.R.2d 1296, (C.A.5).

■ The District Judge charged the jury, *inter alia*, that in determining the question of whether the plaintiff was a member of the crew, they should take into account whether or not the vessel was in navigation at the time Keymon received his injuries. This instruction was in accord with the opinion of this court in Wilkes v. Mississippi River Sand & Gravel Co., supra.

Our opinion in Nelson v. Greene Line Steamers, Inc., 255 F.2d 31 (C.A. 6) is *not in point*, for the reason that, in that case, the vessel had been taken out of active service at the end of its regular season in the late fall and had been tied up for the winter at the Cincinnati Wharf. Moreover, it was not scheduled for another voyage until the following spring. Likewise, in Antus v. Interocean S.S. Co., 108 F.2d 185 (C.A. 6), the ves-

sel had been tied up for the winter on the first of December, after completing its regular season as a steamer on the Great Lakes. In the case at bar, the vessel, a river craft, was merely undergoing repairs and the installation of a new engine.

The Supreme Court of the United States has been vigorous in reversing decisions which take away from the jury cases in Jones Act proceedings, and in holding that whether a particular plaintiff is entitled to the protection of the Jones Act is a jury issue under the circumstances of each case. Gianfala v. Texas Co., 350 U.S. 879, 76 S.Ct. 141, 100 L.Ed. 775; Butler v. Whiteman, 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed.2d 754; Braen v. Pfeifer Oil Transp. Co., 361 U.S. 129, 80 S.Ct. 247, 4 L.Ed.2d 191; Senko v. LaCrosse Dredging Corporation, 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404; and Grimes v. Raymond Concrete Pile Co., 356 U.S. 252, 78 S.Ct. 687, 2 L.Ed.2d 737.

■ Under the foregoing authorities, we think there was substantial evidence to support the finding of the jury in the present case that the plaintiff-appellee was, at the time he received his injuries, a seaman within the meaning of the Jones Act.

We consider it immaterial to discuss the issue as to whether the plaintiff was entitled to recover from the vessel owner on the ground of the unseaworthiness of the vessel, for the jury's finding of negligence under the Jones Act was sufficiently determinative.

■ Defendants-Appellants assign error upon the ground that, after the jury had retired, the extra juror reported that certain information had been conveyed to the jury by one of the members of the panel which should not have been given them. However, the attorney for defendants merely called attention of the District Judge to the matter, without invoking any action on the part of the court. The information conveyed was not of itself of enough consequence to call for reversal. No action being requested of the judge, none was required.

The case has been ably presented by counsel for the appellants, but the other points made are not regarded to be of adequate moment to require discussion.

The judgment of the United States District Court is affirmed.