See also 198 F.Supp. 471.

**Nickolaus MACH, Plaintiff,**

**v.**

**The PENNSYLVANIA RAILROAD COM-PANY, a corporation, Defendant.
Civ. A. No. 18248.**

United States District Court
W. D. Pennsylvania.

July 16, 1962.

Louis Glasso, Pittsburgh, Pa., for plaintiff.

Aloysius Mahler, Hubert I. Teitelbaum and Morris, Safier & Teitelbaum, Pittsburgh, Pa., for defendant.

GOURLEY, Chief Judge.

In this personal injury action based upon the Jones Act, the jury rendered a verdict in favor of the seaman in the amount of $48,000, 46 U.S.C.A. § 688.

The sole issue before the Court relates to defendant's motion for judgment N. O.V. and/or new trial based upon the following contentions:

"1. There is no evidence to support jury's finding that the plaintiff was a seaman.

"2. Negligence does not exist in the record upon which to predicate a verdict in favor of the plaintiff.

"3. The Court committed prejudicial error in divers remarks to the jury."

Plaintiff was employed as a bargeman by the defendant. While he was engaged in maneuvering a loaded coal barge toward the shore, the wire cable placed on the barge broke, striking him and catapulting him into the air, causing him to be thrown into the coal barge and resulting in most substantial injuries.

The plaintiff's duties as a bargeman included the maneuvering of barges loaded with coal which were delivered by tow boats on the Ohio River to the defendant's dock facilities at Conway, Pennsylvania. Such maneuvering consisted of tying up the delivered barges by means of rope to other barges in a designated area, inspecting barges for leaks, placing navigation lines on them, selecting out of many loaded barges one barge at a time for emptying by a shore-mounted crane.

Plaintiff was then required to unlash the barge, attach a tow line and float it down the river to a position where it could be unloaded.

The cable would then be attached to a motor on the shore which enabled the barge to be drawn toward the landing. The coal barge would then be emptied and

it would be maneuvered by the plaintiff down the river to a fleet of empty barges.

## I

Defendant advances the thesis that, although the plaintiff may have met the legal standards of a seaman, in that the ship with which he was connected at the time of the accident was in navigation and that he was aboard primarily in aid of navigation, nevertheless he did not meet the additional requirement that there be a more or less permanent connection with the ship. Zientek v. Reading Company, 220 F.2d 183, 3rd Cir.

The Court submitted to the jury the issue of whether plaintiff was a seaman as a question of fact based upon a most detailed charge as to the essential requisites for an employee to be deemed a seaman, and the jury, by its verdict in favor of the plaintiff, concluded that the facts of the case justified the finding that plaintiff was a seaman at the time of the accident.

█ The question as to whether an individual is a "seaman" under the Jones Act is a question of fact depending largely on the facts of the particular case and, at times, on the activity in which such individual was engaged at the time of the injury. Braen v. Pfeifer Oil Transp. Co., 361 U.S. 129, 131, 80 S.Ct. 247, 4 L.Ed.2d 191; Grimes v. Raymond Concrete Pile Co., 356 U.S. 252, 78 S.Ct. 687, 2 L.Ed.2d 737; Butler v. Whiteman, 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed. 2d 754; Senko v. La Crosse Dredging Corp., 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed. 2d 404.

█ The term "vessel" includes a barge without motive power of its own, Berwind-White Coal v. Rothensies, 137 F.2d 60, 62, 3rd Cir.; Wilkes v. Mississippi River Sand, etc., 202 F.2d 383, 6th Cir.; Norton v. Warner Co., 321 U.S. 565, 571, 64 S.Ct. 747, 88 L.Ed. 430. A crew may consist of one man, Norton v. Warner Co., supra; Loverich v. Warner Co., 118 F.2d 690, 3rd Cir.

█ A seaman is not to be denied the traditional privileges of his status merely or solely because his voyages are short, because he sleeps ashore or for other reasons his lot is more pleasant than that of most of his brethren. Weiss v. Central Railroad Co., 235 F.2d 309, 313, 2nd Cir.

█ A vessel or barge is to be considered to be in navigation although it may be temporarily docked for unloading purposes. Carumbo v. Cape Cod S. S. Co., 123 F.2d 991, 1st Cir.

Employees who assist in loading gravel on a barge, for example, have been held to be seamen under the Jones Act, Wilkes v. Mississippi River Sand, etc., supra.

█ I have never recognized the requirement to exist in law that to constitute a seaman an employee must necessarily be assigned to a *single ship*. (Emphasis supplied) The fact that his duties relate to many ships in no way detracts from his connection with each of the ships he serves.

Nor should one of the requirements of a seaman be viewed completely isolated from the picture as a whole which was submitted for the jury's consideration.

██ An employer who hires men to work on the water on vessels engaged in navigation and permits them to have such a permanent connection with the vessel as to expose them to the same hazards of marine service as those shared by all aboard should not be permitted to exculpate himself from responsibility for a negligent act under the Jones Act on the thesis that the employees' duties were not confined to a single ship but involved many ships.

## II

█ The weight of credible evidence supports the conclusion that defendant was negligent in providing a crane with a faulty cable and in overloading the crane to a point where the cable would not withstand the stress of the weight being lifted, as a result of which the cable snapped and broke, causing plaintiff's injuries.

### III

It is contended that certain of the Court's remarks in the presence of the jury relative to the proof required for the plaintiff to be a seaman constituted prejudicial error.

The crucial issue of this case was whether the plaintiff was engaged in doing the work of a seaman at the time he sustained injuries. The law in this respect was discussed most thoroughly and a meticulous review of the record will establish, without segregating any one comment out of context of the entire record, that no error was committed which prejudiced the rights of any party to this proceeding.

I am satisfied that the law applied in the trial of the proceeding is correct and the evidence considered in a light most favorable to the plaintiff, together with all reasonable inferences to be drawn therefrom, fully supports the verdict of the jury.

An appropriate order is entered.