Frank D. TODD, Appellant,

v.

NELLO L. TEER COMPANY, Appellee.

No. 19376.

United States Court of Appeals
Fifth Circuit.

Oct. 2, 1962.

Rehearing Denied Oct. 31, 1962.

Egbert Beall, Charles E. Beall, West Palm Beach, Fla., for appellant.

T. J. Blackwell, Carl P. Stephens, Jr., John R. Hoehl, Miami, Fla., for appellee.

Before CAMERON and JONES, Circuit Judges, and DeVANE, District Judge.

CAMERON, Circuit Judge.

This appeal presents the question whether the court below committed reversible error in entering a final judgment against Frank D. Todd, plaintiff-appellant, when plaintiff had originally brought the action under the Merchant and Marine Act of 1920 (Jones Act) but, upon the argument of the motion of defendant-appellee Nello L. Teer Company to strike the allegations that said Act applied, plaintiff had orally agreed that the Jones Act did not apply; but subsequently asked leave, which the court denied, to reinstate his claim that the case was controlled by said Jones Act. We think that plaintiff should have been granted leave to amend his pleading and that the court committed error in denying the leave and dismissing plaintiff's action with prejudice, and we reverse the judgment and remand the case for further proceedings.

The complaint charged that plaintiff was injured while he was "an employee and seaman working on the dredge 'Baracuda'" and, after setting forth the details of his claim, alleged:

"That this action is brought pursuant to Section 33 of the Merchant and Marine Act of 1920, as amended (Jones Act), and plaintiff hereby elects to maintain this action for

damages at law with the right of trial by jury (which is demanded), and to take the benefit of all statutes of the United States modifying or extending the common law rights or remedies in cases of personal injury to railroad employees." [1]

In addition to the quoted paragraph in which plaintiff invoked the protection of the Jones Act, we think that the facts alleged in the complaint, fairly construed, would have supported a showing (if one could be made) that plaintiff was entitled to maintain the action under 46 U.S.C.A. § 688. See Senko v. LaCrosse Dredging Corp., 1956, 352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404; Grimes v. Raymond Concrete Pile Co. et al. 1958, 356 U.S. 252, 78 S.Ct. 687, 2 L. Ed.2d 737; and Butler v. Whiteman, 1958, 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed. 2d 754.

The only thing in the record [2] tending to reveal just what transpired when the court below struck the allegations of the complaint referring to plaintiff's rights under the Jones Act is the following paragraph from the order of the court below of July 20, 1961 (filed July 24th):

"1. It was agreed by the plaintiff's attorney that this action is not an action brought under the Jones Act nor an action brought in admiralty, but that it was a straight negligence action. Based on this statement and based on the Court's interpretation of the Plaintiff's Complaint, any and all references to the action being brought under the Jones Act or under the admiralty side be and the same are hereby stricken from the Complaint."

The reasonable construction of the recitals of this paragraph is that, in oral argument, the court interpreted the complaint as being a "straight negligence action," and that it did not state a case in admiralty under the Jones Act, and that the plaintiff's attorney orally agreed with the court's interpretation. But the court, in the same order, denied the defendant's motion to dismiss, gave the defendant twenty days in which to answer, and required the plaintiff to produce his income tax returns and medical

1. The proceedings in the court below listed chronologically are as follows:

May 15, 1961—Complaint filed and summons served May 23.

June 22, 1961—After agreed order to enlarge time for pleading defendant Teer moved to strike the allegations of the complaint that the jurisdictional amount was involved, and that he was an employee and seaman and to dismiss because the complaint fails to allege that his injury is not covered by the Workmens Compensation Act of Florida and does not sufficiently allege that the Jones Act is applicable.

July 24, 1961—Order (dated July 20) filed striking the allegations referring to the Jones Act and denying the motion to dismiss and requiring plaintiff to submit to a physical examination and furnish certain writings within sixty days.

Aug. 9, 1961—Defendant served and filed its answer, pleading contributory negligence, assumption of risk, denying its negligence, and asserting that the claim was covered by the Florida Workmens Compensation Act.

Aug. 25, 1961—Plaintiff filed replication.

Aug. 30, 1961—Defendant served and filed motion for judgment on the pleadings and to dismiss because covered by Florida Workmens Compensation Act.

Sept. 8, 1961—Notice given by court below (all prior hearings were before Judge Choate; this notice was given by Judge Johnson of Alabama, sitting by designation) that defendant's motion for judgment would be heard Sept. 26, 1961.

Sept. 15, 1961—Plaintiff's attorney wrote Judge Choate asking in effect leave to file pleadings to reinstate the allegation that plaintiff's claim was under the Jones Act. This letter was accompanied by pleadings and brief asking said leave, which were marked filed Sept. 18th.

Sept. 18, 1961—Plaintiff's motion for reconsideration, etc. denied and order entered by Judge Choate.

Sept. 27, 1961—Final order granting motion for judgment on the pleadings and entering final judgment against the plaintiff that he recover nothing.

2. Except the letter of plaintiff's attorney of September 15th, infra.

bills and to submit to a physical examination within sixty days from the date of the order. The clear implication here is that the court did not envisage a trial until a reasonable time after the expiration of this sixty day limit.

Moreover, defendant did not proceed with preparations for a trial, instead filing a motion for judgment on the pleadings. Slightly more than a week after that motion was filed, the visiting judge ordered it set down for hearing by his order of September 8th. This evidently put the plaintiff's attorney to work on the law, and he concluded that he had been mistaken when he acceded to Judge Choate's interpretation of the original complaint; and, on September 15, 1961, he wrote a letter to Judge Choate[3] in which it was stated categorically that the attorney was misinformed as to the law involved; that his client's rights as a seaman had been jeopardized and that he wished to correct the mistake before the case reached the trial stage. He sent with the letter a motion that the court reconsider its order of July 20th stating in part: "that substantial rights of a seaman were and are affected by the order * * * and that the ends of jus-

tice will require that said order be reconsidered by the Court while the cause is still before the District Judge and prior to trial thereon." A brief was also enclosed.

■ Appellee has moved that the letter be stricken from the record. But the letter was marked "filed" and placed in the court file and it bears notations, ostensibly made by the Judge, "Received Sep. 18, 1961" and "Denied Draw order." Trial judges quite customarily lodge in the court files letters received by them so that a full chronicle of their actions and the reasons therefor will appear of record. The appellant designated the letter as Item 10 of his designation of the record on appeal, and we think that the letter is properly before us. The record further shows that the court apparently passed on the motion, without any argument, on the same day it was received and with the letter before it.

■■ It is clear, therefore, that before the time the trial could legally have been held and before the date Judge Johnson had set for hearing the motion for judgment on the pleadings, the plaintiff had made a showing, which Judge

---

3. The letter in full and the notations on it are here set out:

"Received Sep. 18, 1961
"Filed Sept. 18, 1961
    "Law Offices
    "Beall & Beall
    "Comeau Building
    "West Palm Beach,
      Florida
    "September 15, 1961
"Egbert Beall
"Charles E. Beall
"Hon. Emett C. Choate,
  "U. S. District Judge,
    "Federal Building,
      "Miami, Florida.
"Dear Judge Choate:
  "In the Frank D. Todd Case No. 10,-732–M–Civil, I am enclosing herewith Motion for Leave to file Motion for Reconsideration of the Order you entered, with Memorandum Brief attached.
  "I was laboring under a misapprehension of law at the time I made the statement in open Court that the suit should proceed as a straight negligence action.
  "In preparing this case for trial and briefing the law further, I find I was mis-

informed as to the law involved, and my client being a seaman, I feel that substantial rights have been jeopardized, and I ask your kind consideration of the Motions and Brief we have filed in his behalf.
  "Our client has been sent back to the hospital by his present Doctor and he is in very bad financial condition because of his illness and other matters.
  "I am always more than willing to admit when I have made a mistake and I wish to correct it in this case before the matter goes to trial, if possible. I frankly feel that when you have read our Memorandum Brief you will agree with us that this case should proceed under the Jones Act. As you know, seamen are technically wards of the Court, and I hope you will give Mr. Todd every consideration.
        "Respectfully,
        "BEALL & BEALL,
        "By EGBERT BEALL,
        "(Egbert Beall).
"EB: lb
"Encs.
"Denied Draw order."

Choate evidently thought proper in form, that the attorney had made an honest mistake which adversely affected the rights of his client, and had invoked the consideration by the court of plaintiff's favored position as a seaman. We think that the plaintiff should have been given the opportunity to shape the pleadings so as to present his full contentions to the court. Rights of litigants are decided on the facts placed before the court and the function of pleadings is merely to furnish the vehicle for getting the facts to the court in orderly fashion.

The situation bears a close resemblance in principle to that passed upon by this Court in Alabama Great Southern R. R. Co. et al. v. Johnson et al., 1944, 5 Cir., 140 F.2d 968. That case, involving the death of two boys killed by a running train, was reversed on a procedural point.

The appellant Railroad Company was represented at the trial by two attorneys. One of its attorneys requested special instruction "E" covering one aspect of the measure of damages the jury might consider. Its other attorney excepted to the court's action in charging the jury as had been requested by his associate counsel. The trial judge declined to call the jury back to correct the error which was thus called to his attention, on the ground that the instruction had been given pursuant to request of one of the railroad's attorneys of record. This Court reversed because the attorney for the railroad discovered, before it was too late for correction, that a mistake had been made and asked the court to correct it. A part of the language we used there is quoted:

[Page 972] "The Federal rules, by aiding in converting a lawsuit from a battle of wits and a succession of traps and pitfalls into a calm and ordered procedure for the discovery of truth, were designed for the purpose of avoiding the very situation which this case presents,

the loss of rights, the prevention of justice, through errors which, by timely request for correction, are called to the attention of the court. The rules begin with the statement that they shall be interpreted to secure the just, speedy and inexpensive determination of every action. Rule 61 provides: 'The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.' Rules which were adopted with the express purpose of relieving litigants from traps and pitfalls and procrustean rulings or results may not be applied, as they have been here, to produce them."

There is no element of estoppel here, no intentional misleading of the court, no playing for time or seeking of advantage, and no prejudice whatever to the appellee. Just as in Johnson, supra, the attorney for the plaintiff invited the error and participated in it. But he discovered it in plenty of time to correct it before the trial started and before the date the motion to dismiss was set for hearing and at a time when the rights of all parties could be protected and justice could be done without injuring anybody.

We do not have any situation here which resembles that dealt with by this Court in Laird v. Air Carrier Engine Service, 1959, 5 Cir., 263 F.2d 948. This Court there (pages 949–950) epitomized the facts which led to our holding: "The complaint is primarily that after the trial commenced the Court permitted ACES to repudiate a crucial pretrial stipulation and thereafter failed to adhere to the protective conditions impliedly imposed as the price for repudiation." The case before us here was not ready for trial on the merits; no stipulation had been entered into; no advantage had been gained by plaintiff; and no harm had been done to his adversary.[4]

4. And cf. Des Isles v. Evans, 5 Cir., 1955, 225 F.2d 235, 236, and Carter v. Campbell, 5 Cir., 1960, 285 F.2d 68, 70–72, and cases cited therein; and cf. also Rule 15, F.R.Civ.P., 28 U.S.C.A.

With the erroneous holding of Judge Choate as its chief basis, Judge Johnson entered a final judgment denying all recovery to the appellant. For the reasons stated, this judgment is reversed and the cause remanded for further and consistent proceedings.

Reversed and remanded.