**Fidel BEDIA, Plaintiff,**

**v.**

**FORD MOTOR COMPANY, a corporation, and George Guarini, Defendants.**

**No. 70–C–1536.**

United States District Court,
E. D. New York.

Feb. 7, 1973.

Castellano & Castellano, Mineola, N. Y., for plaintiff; Edward B. Joachim, Mineola, N. Y., of counsel.

Montfort, Healy, McGuire & Salley, Garden City, N. Y., for defendant, Ford Motor Co.

Tell, Cheser, Werner & Breitbart, New York City, for defendant, George Guarini.

Memorandum of Decision and Order

MISHLER, Chief Judge.

This is a motion by defendant George Guarini to strike plaintiff's claim under the Jones Act, 46 U.S.C.A. § 688.

On June 20, 1970, plaintiff Fidel Bedia, two others and George Guarini participated in a shark-fishing contest aboard a twenty-seven foot pleasure vessel owned by Guarini. The boat's motor failed as the vessel was proceeding through Great South Bay off the Long Island Shore. While assisting Guarini in attempting to start the motor, plaintiff was injured by an explosion of the vessel's batteries. He has brought suit under general maritime law against Guarini and against the Ford Motor Company, manufacturer of the batteries, alleging unseaworthiness of the vessel and breach of warranty. He also seeks relief under the Jones Act, 46 U.S.C.A. § 688.

The benefits of the Jones Act, including the right to trial by jury, are available only to "the members of the crew of a vessel plying in navigable waters." Swanson v. Marra Brothers, Inc., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045 (1946). Plaintiff asserts that he was serving as a seaman, or member of the crew, at the time of the explosion. He refers to his experience as a bosun's mate in the Navy and his skill as a mechanic and states that he was invited on board with the understanding that he was to assist in navigating and operating the craft, particularly when Guarini was aft fishing or landing a fish. He characterizes his activity at the moment of his injury as seaman's work, and states that he was then "in the service of the ship." He cites In Re Read's Petition, 224 F.Supp. 241 (S.D.Florida, 1963), for the proposition that the absence of a formal "contractual employment agreement" will not necessarily bar a finding that one on board a vessel, doing seaman's work, is a seaman under the Jones Act.

Defendant would have the court hold as a matter of law that plaintiff was not a seaman under the Jones Act when he was injured. He refers to the fact that plaintiff and defendant were friends and brothers-in-law and that whenever they went fishing each would pay a proportionate share of the gasoline expenses. He characterizes their shark-fishing excursion as a species of joint venture.[1] He relies upon Kanischer v. Irwin Operating Co., 215 F.2d 300 (5th Cir., 1954), and other cases distinguished in *In Re Read's Petition* for the proposition that the Jones Act does not cover individuals on a pleasure-fishing outing. The *Kanischer* court expressed in dicta its view that the degree of organization existing between friends "out fishing" was too inchoate for them to be considered a "crew" within the meaning of the Jones Act. *Kanischer's* view is not persuasive here, particularly in light of plaintiff's assertion that he was the only one expected to aid defendant in operating and navigating the vessel although several persons were on board at the time.

Can we decide as a matter of law that plaintiff was not a seaman when he received his injury? The answer is pro-

---

1. In this regard it must be noted that it was apparently the intent of the parties that the fish that were caught were to be shared among the fishermen. The contest's prize, however, was fishing gear. If a prize shark was caught by one on Guarini's boat, Guarini was apparently to keep the prize. In addition, plaintiff's deposition included in defendant's memorandum contains an admission that although the participants intended before the accident to split the gasoline expenses, plaintiff actually did not split the expenses of the trip (p. 53).

vided in Harney v. William M. Moore Building Corp., 359 F.2d 649 (2d Cir., 1966):

"Whether plaintiff in a Jones Act case is a crewman is a question of fact, or a mixed question of law and fact. The jury exercises as much latitude on this question as it does on the question of negligence in FELA or Jones Act cases. The Supreme Court has scrupulously, if sometimes cryptically, protected the plaintiff's right to a jury on the question of crewman status. Texas Co. v. Gianfala, 350 U.S. 879, 76 S.Ct. 141 [100 L.Ed. 775] (1955) mem., per curiam, reversing 222 F.2d 382 (5 Cir., 1955); Senko v. La Crosse Dredging Corp., [352 U.S. 370, 77 S.Ct. 415, 1 L.Ed.2d 404 (1957);] Grimes v. Raymond Concrete Pile Co., 356 U.S. 252, 78 S.Ct. 687 [2 L.Ed.2d 737] (1958), per curiam; Butler v. Whiteman, 356 U.S. 271, 78 S.Ct. 734, [2 L.Ed.2d 754] (1958) per curiam. Even where the facts, as here, are not disputed, the matter is for the jury if conflicting inferences are possible." 359 F.2d 649, 654 (1966).

*See also* Noble Drilling Corp. v. Smith, 412 F.2d 952, 956 (5th Cir., 1969).

Plaintiff presents a claim that he is entitled to seaman's status under the Jones Act from which conflicting inferences can indeed be drawn. We are unable to find as a matter of law that plaintiff was not a member of a crew when he was injured. The question of his status should therefore be presented to the jury. In arriving at this decision we are mindful that where doubt may exist as to the availability of a jury trial, that doubt should be resolved in favor of a jury trial. Ballard v. Moore-McCormack Lines, Inc., 285 F.Supp. 290, 297 (S.D.N.Y., 1968). If it develops that the jury trial was erroneous, the cause may simply be remanded for entry of findings of fact by the court. Hart, "The Supreme Court, 1958 Term," 73 Harv.L.R. 84, 191 (1959); Doughty v.

Nebel Towing Co., 270 F.Supp. 957 (E.D.La., 1967).

Defendant's motion to strike plaintiff's claim under the Jones Act is therefore denied and it is

So ordered.