**Edna Mary Leboeuf HEBERT**

v.

**OTTO CANDIES, INC. and Horace Savoie Boats, Inc.**

**Civ. A. No. 73–1834.**

United States District Court,
E. D. Louisiana.

Aug. 20, 1975.

Michael X. St. Martin, Charley J. Schrader, Jr., Houma, La., for plaintiff.

Francis Emmett, Robert J. Barbier, New Orleans, La., for Horace Savoie Boats, Inc.

James F. Holmes, New Orleans, La., for Wheless Drilling Co.

Theodore G. Dimitry, Ronald A. Johnson, New Orleans, La., for Twenty Grand Towing, Inc.

## OPINION

CASSIBRY, District Judge.

Edgar Hebert, an employee of Savoie Boat Rentals, Inc. and a crewboat skipper of its boat, the Glen K, drowned while in the course of his employment. Mr. Hebert was assigned to make runs between Wheless Drilling Company Barge # 8 and a boat landing ashore.

The plaintiffs brought this action under the Jones Act and the general maritime law against Savoie Boat Rentals, Inc., Wheless Drilling Company, Tidewater Marine Company, and Twenty Grand Towing Company. 46 U.S.C. § 688; *Moragne v. States Marine Lines, Inc.,*

398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970). The latter two defendants owned cargo-deck barges moored on the outboard side of the Wheless drilling barge.

The plaintiffs settled their claims with Wheless and Tidewater and defendant Twenty Grand Towing was dismissed on its motion for summary judgment. However, defendant Savoie Boat Rentals has filed cross claims against both Wheless and Tidewater.

### I. Proper Parties to Bring this Action

■ At the outset, the court is faced with the defendant's contention that the plaintiffs are not the proper parties to bring this Jones Act, general maritime law suit against the decedent's employer. The Jones Act incorporates the F.E.L. A., the relevant part of which permits the personal representative of the deceased to maintain an action for damages "for the benefit of the surviving widow or husband and children of such employee." After a complete review of the facts in this record, the court concludes that Mrs. Hebert is the personal representative of the deceased and that she has brought this action in that capacity for her benefit and that of her children. Any defects presently in the complaint can be corrected by amending it to conform with this finding.

### II. Liability of Defendant, Savoie Boat Rentals, Inc.

On June 27, 1973, Mr. Edgar Hebert disappeared from the Wheless drilling barge and was discovered drowned the following day. The drilling barge was located in the Atchafalaya River Basin, and due to high waters, the barge's main deck and boat landing were below the water level. Deck barges were secured outboard of the drilling barge and it is on one of these deck barges that the decedent moored his crewboat. It should be noted that the evidence indicated that the site chosen by the decedent to moor the boat was the safest place available.

In order to get from the crewboat to the drilling barge, it was necessary to step up onto the deck barge, walk across her, and step up onto the drilling barge. It was then necessary to walk along the drilling barge piperack deck to the stairway.

Following the evening meal of June 27, 1973, the drilling rig toolpusher ordered the decedent to make a run to the dock for a crew change. Mr. Hebert proceeded down the ladder to the piperack deck where he spoke briefly with a member of the drilling crew. This was the last time he was seen alive.

■ As in all unwitnessed accident cases, the evidence is almost entirely circumstantial in nature, however, this does not negate a finding for the plaintiff. See *Schulz v. Pennsylvania R. R. Co.*, 350 U.S. 523, 76 S.Ct. 608, 100 L. Ed. 668 (1956); *Butler v. Whiteman*, 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed.2d 754 (1958).

Plaintiff's case rests upon two specific allegations of employer negligence and unseaworthiness. First, the plaintiff contends that the employer was negligent and the vessel unseaworthy because no safe method for boarding the crewboat was provided. Secondly, the plaintiff claims that the defendant failed to institute or enforce safety regulations requiring its personnel to wear life preservers.

The import of plaintiff's first basis of employer negligence and unseaworthiness is contingent upon a finding that the decedent fell into the water at the location where his boat was moored. The court finds that a fall at the site of the moored boat is the most reasonable conclusion under the evidence in the case.

Mr. Hebert was last seen on the piperack deck enroute to his crewboat. The evidence showed that the gap between the drilling barge and the deck barge was only a few inches at the time of the accident, making this location too small for anyone to fall into. Logically, Mr. Hebert would have proceeded directly across the deck barge to the site of mooring, and then descend the approximately three feet from the deck barge to the crewboat. This final step is the most likely place for Mr. Hebert to have fallen, since this is the only point at which he was in proximity to the water.

■ The court having found that the most likely place for Mr. Hebert's disappearance was at the point of boarding the Glen K, the question becomes, did employer negligence play any part, even the slightest, in causing the fall and death of Mr. Hebert. The court finds that the defendant owed the decedent a safe means of ingress and egress from the deck barge to the Glen K. The defendant's failure to provide Mr. Hebert with a safe method for boarding the crewboat was negligence which resulted in Mr. Hebert's death. See *Hatfield v. Brown & Root, Inc.*, 245 F.Supp. 733 (E.D.Tex.1965).

■■ Additionally, the duty to provide a seaworthy vessel includes providing a method for safely boarding and departing the vessel. Therefore, the defendant's failure to provide safe ingress-egress constitutes an unseaworthy condition of the Glen K. *Superior Oil Co. v. Trahan*, 322 F.2d 234 (5 Cir. 1963).

■ Plaintiff's second contention of employer negligence is that the vessel owner-employer failed to require crewboat captains to wear a life jacket or life vest. Essentially, the plaintiff claims that the defendant failed to promulgate or enforce safety rules. The court finds that the defendant did not provide any safety rules and that this failure is actionable negligence on the part of the defendant. Defendant's negligence in failing to require the use of safety gear is clearly a legal cause of the decedent's death by drowning. See *Spinks v. Chevron Oil Co.*, 507 F.2d 216 (5 Cir. 1975).

The testimony at trial showed that the hazardous conditions in which the plaintiff was working were known by the defendant, through its president, Mr. Savoie. Under these circumstances, it was incumbent upon the defendant to pro-

vide safety regulations and require the use of safety equipment to insure safe working conditions for his employees. See *Weeks v. Alonzo Cothron, Inc.*, 466 F.2d 578 (5 Cir. 1972) (where the court found the failure to provide safety procedures constituted an unseaworthy condition in a barge repairing operation).

### III. Defendant's Claim of Contributory Negligence

The defendant has claimed that the plaintiff was contributorily negligent in failing to wear a life jacket, when in fact 14 such jackets were on board the Glen K.

██ Mr. Hebert was an experienced boat operator and he was aware of the dangers involved in this situation. He knew or should have known that under the circumstances, a life jacket was advisable. His failure to wear the available safety equipment requires a finding of contributory negligence to the degree of 25 percent. The damage award shall be reduced accordingly.

### IV. Damages

██ The parties have agreed that the decedent's lost wages after discount are projected at $84,000.00. This sum must be adjusted to reflect the amount the decedent would have spent on himself and as his part of the household expenses. A deduction of 30 percent is appropriate. *Neal v. Saga Shipping Co.*, 407 F. 2d 481 (5 Cir. 1969). Therefore, the pecuniary loss suffered by the plaintiff is $58,800.00.

The funeral expenses were agreed to by the parties and the sum of $1500.00 shall be awarded.

██ The final element of damages is for loss of society. In *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 94 S.Ct. 806, 39 L.Ed.2d 9 (1974), the Supreme Court held that a wrongful death action under the general maritime law includes the right to recover for the loss of society.

The defendant contends that a recovery for loss of society is limited solely to dependents of the decedent. The court cannot accept this conclusion. The Jones Act does not require dependency for a widow-personal representative to recover for herself and her children. In the Act's listing of beneficiaries, only those beneficiaries who are "next of kin" are modified by the adjective "dependent." By analogy, therefore, the court believes that it would be inappropriate to read a dependency requirement into the *Moragne-Gaudet* recovery for wrongful death. See *Hamilton v. Canal Barge Co.*, 395 F.Supp. 978 (E.D.La.1975).

Accordingly, the court finds that Mr. Hebert's widow and all of his children are entitled to recover for loss of their husband and father. This right includes the loss of his society. The court finds that $25,000.00 to Mrs. Hebert for loss of her husband's society is appropriate. The decedent's son, Jeffrey, the only child still living at home, should be compensated in the amount of $10,000.00. The decedent's four other children, three majors, and one minor child not living with his family, are awarded $5,000.00 each for the loss of their father's society.

### V. Savoie's Cross Claims against Wheless and Tidewater Marine

██ There remains defendant's cross claims against the settling defendants, Wheless Drilling Company and Tidewater Marine Company. The evidence is clear that the claim against Tidewater is without merit. Tidewater's barge was totally under the control of Wheless Drilling and any hazardous situations arising from Tidewater's barge was the responsibility of Wheless. Therefore, the cross claim against Tidewater is dismissed.

██ The claim against Wheless, however, appears well-founded under the evidence in the case. The facts indicated that the Tidewater barge, under the sole control of Wheless Drilling, was covered with a slippery gel on the day of Mr. Hebert's death; that this condition was known to the Wheless personnel; and that it was their responsibility to correct such a situation. Additionally,

**508**

Wheless's failure to provide Savoie Boat Rentals with a safe mooring site, and its failure to provide a safe means of ingress-egress to its barge compel a finding of liability of Wheless. Under these circumstances the court finds that Wheless Drilling Company was negligent and that its negligence was a contributing cause of the decedent's death.

Since the plaintiff has already settled with the defendant Wheless Drilling Company, the damages should be reduced by one-half (½) the amounts awarded the plaintiff.

VI.   Limitation of Liability

The defendant, Savoie, seeks to limit its liability to the value of its vessel, the Glen K. The court finds that the defendant had privity and knowledge of the circumstances that resulted in decedent's drowning. The evidence indicates that Mr. Savoie was aware of the dangerous conditions in which Mr. Hebert was forced to work. Additionally, Mr. Savoie was well aware that no operative safety rules were in effect at the time of the accident. Therefore, the defense of limitation is denied.