Alma SCHULZ, administratrix of the Estate of August M. Schulz, Plaintiff-Appellant,

v.

The PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellee.

No. 302, Docket 23444.

United States Court of Appeals Second Circuit.

Argued April 18, 1955.

Decided May 3, 1955.

 

proximately caused by any default on the part of the defendant. Hence the defendant was clearly entitled to a directed verdict in its favor. Johnson v. New York, N. H. & H. R. Co., 2 Cir., 220 F.2d 279.

Affirmed.

———◆———

Nathan Baker, Hoboken, N. J. (Baker, Garben & Chazen, Hoboken, N. J., on the brief), for plaintiff-appellant.

Joseph P. Allen, New York City (Conboy, Hewitt, O'Brien & Boardman, New York City, on the brief), for defendant-appellee.

Before CLARK, Chief Judge, and FRANK and HINCKS, Circuit Judges.

CLARK, Chief Judge.

Plaintiff sued for damages under the Jones Act, 46 U.S.C. § 688, because of the accidental death of her husband while he was employed by defendant as a tug fireman. His job entailed watching four tugboats docked for the night of December 25, 1949, at Pier H, Jersey City, N. J. He was last seen alive early that evening, and his body was recovered from the waters near the adjacent Pier F on January 31, 1950. Plaintiff appeals from a judgment upon a directed verdict granted by Judge Edelstein upon a motion by the defendant.

Plaintiff claimed that defendant had negligently failed to provide the decedent with a safe place to work. She alleged that the lighting of the pier was inadequate, that the barges were icy, and that the pier work force was undermanned. The evidence of such alleged negligence was slight, and perhaps at most only doubtfully sufficient to present a jury question as to defendant's breach of duty. But beyond this, there was no showing whatsoever that the alleged conditions were causally related to the accident. Plaintiff never contended that the ice completely covered the barges or that the pier or the barges were entirely shrouded in darkness. We have no way of knowing how or where the accident occurred, and cannot say that it was