109 So.2d 183 (1959)
J.C. CONNER, Appellant,
v.
J. Turner BUTLER and William A. Hallowes, Trustees of the Property of Florida East Coast Railway Company, a corporation, Appellees.
No. 58-94.
District Court of Appeal of Florida. Third District.
February 12, 1959.
Rehearing Denied March 11, 1959.
Nichols, Gaither, Green, Frates & Beckham and Sam Daniels, Miami, for appellant.
Scott, McCarthy, Preston, Steel & Gilleland and Dwight Sullivan, Miami, for appellees.
CARROLL, CHAS., Chief Judge.
The appellant J.C. Connor, a hose cutter for the defendant railroad who was injured in the course of his employment, filed this action against his employer under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., to recover damages for his injuries. The case came on for trial before a jury and upon conclusion of the presentation of evidence on behalf of the plaintiff, the trial court granted the defendants' motion for directed verdict. This appeal is from the judgment entered thereon.
Taking the case away from the jury in this instance was not done in conflict with the rule pronounced by the Supreme *184 Court of the United States in Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493, as recognized and quoted by the Supreme Court of Florida in Atlantic Coast Line Railroad Company v. Barrett, Fla. 1958, 101 So.2d 37. The Rogers case lays down a rule as to the quantum of proof relating to the employer's negligence in F.E.L.A. cases which requires submission of the claim to a jury for its determination. According to the Rogers decision, to borrow the language of the United States Supreme Court [352 U.S. 500, 77 S.Ct. 448]:
"Under this statute [Federal Employer's Liability Act, 45 U.S.C.A. § 51 et seq.] the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought. It does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death. Judges are to fix their sights primarily to make that appraisal and, if that test is met, are bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities. The statute expressly imposes liability upon the employer to pay damages for injury or death due `in whole or in part' to its negligence."
But even under that unexacting test it is necessary to present sufficient evidence to show some negligence, or from which a jury could with reason infer that some negligence of the employer produced the injury. That requirement of proof is not met by showing that an injury occurred through use of a mechanism not shown to be defective, and which had not been reported as defective, and with the reason for the accident not known.
Here the plaintiff, a hose cutter for the railroad, properly and in the course of his duties, crossed through a passenger car on a train being made up. The raised platform floor or trap door, secured by a latching device, fell and injured plaintiff's hand as he alighted using the handrail. The latch was not shown to be defective, and the plaintiff did not know how or why the door injured him.
Plaintiff relied on evidence that the door would not fall or close unless either the latching device was defective or someone had left it unlatched or partially latched and therefore in a dangerous condition. Evidence was lacking as to the actual recent inspection history of that particular device, but plaintiff produced evidence of the custom before making up such trains to inspect the cars including such doors and their latching devices.
The pivotal question then becomes whether from the happening of this accident it may reasonably be inferred that the device was defective; that the defect was one which could have and should have been noted on inspection; that inspection was lacking or done imperfectly and the car released for use in a condition of disrepair; or that although the device was not defective, it failed to perform its function because not completely secured; and that the insecure condition was created by an agent or employee of the defendant.
To hold that the evidence as to this accident could with reason support a finding that the employer's negligence contributed to produce the injury would be close to, if not all the way toward holding that an accident, in absence of an uncontrovertible explanation to the contrary, is enough to create a reasonable inference that the employer's negligence produced it. It seems reasonable to assume that the Rogers case intended no such result. Cf. Milom *185 v. New York Central Railroad Company, 7 Cir., 1957, 248 F.2d 52, certiorari denied 355 U.S. 953, 78 S.Ct. 537, 2 L.Ed.2d 529; Baum v. Baltimore & Ohio Railroad Company, 7 Cir., 1958, 256 F.2d 753, certiorari denied 358 U.S. 881, 79 S.Ct. 121, 3 L.Ed.2d 111.
For the reasons stated the trial judge was eminently correct in granting defendants' motion for directed verdict in this cause and the judgment thereon is affirmed.
Affirmed.
PEARSON, J., and LOPEZ, AQUILINO, Jr., Associate Judge, concur.