118 So.2d 42 (1960)
Verla Mae GAYMON, Administratrix of the Estate of Robert S. Gaymon, Deceased, Appellant,
v.
QUINN MENHADEN FISHERIES OF TEXAS, INC., Appellee.
No. B-242.
District Court of Appeal of Florida. First District.
February 23, 1960.
*43 George T. Delves, Jacksonville, for appellant.
Edward H. Robinson, Jacksonville, and John G. Hodges, Tampa, for appellee.
FITZPATRICK, WARREN L., Associate Judge.
The appellant, plaintiff below, seeks to reverse a summary judgment entered for defendant in an action against the employer for wrongful death of a seaman under the Jones Act (46 U.S.C.A. § 688).
This cause was previously before this Court on appeal by plaintiff from an adverse summary judgment entered June 14, 1957 (108 So.2d 641). That judgment was reversed because the Circuit Judge erroneously denied plaintiff's motion for an extension of time within which to obtain affidavits and depositions in opposition to defendant's motion for summary judgment.
Thereafter plaintiff filed additional affidavits and depositions and on April 27, 1959, summary judgment was entered for the defendant. This appeal followed.
The only question presented is whether or not, under the Jones Act, as construed by the United States Supreme Court, there was a genuine issue of fact sufficient to justify a jury trial.
The facts as shown by the proofs are as follows: The deceased was employed by the defendant as a crewman on a fishing boat. On Saturday afternoon, April 30, 1955, the boat docked at defendant's Port Arthur, Texas, plant. The crewmen were each given a ten-dollar salary advance and relieved of duty until the next Monday *44 morning. The members of the crew were provided with sleeping quarters on the vessel. The deceased went to town and returned to the boat at daybreak between 6:30 to 7:00 a.m., Sunday, May first. He appeared to be sober. He talked with the cook, who gave him the galley keys, went to the galley and, in a few minutes, returned the keys to the cook. At this time he was fully clothed. He was never seen alive again. On his disappearance the same clothes which he wore when he talked to the cook were found on his bunk. On Tuesday, May third, 1955, he was discovered, clad only in an undershirt, in the water about one-half mile from where the boat was moored.
The area around the boat was unlighted and dark; no watch was posted; the boat was not equipped with a gangplank; there was a space between this boat and a sister ship moored alongside large enough for a man to fall through; the boat was equipped with toilet facilities for the captain's use only, so the crew, in answering the imperious call of nature, were required to precariously suspend themselves in space outside the boat by holding to its top railing; it was the habit of the deceased to arise early, have something to eat and relieve himself over the side of the boat. It is felt that we may take judicial notice of the risk involved in suspending oneself onehanded in space from the railing of a boat, at the conclusion of defecation. Other members of the crew had fallen overboard on prior occasions while so occupied; neither the deceased nor any other members of the crew ever swam in the vicinity of the boat; Dr. Roy Pitre established the cause of death as drowning and found no evidence of violence upon examination of the deceased; Justice of the Peace Fulton Lee established cause of death as drowning at approximately 11:00 p.m., April 30th.
This being an action brought under the Jones Act, the quantum of proof necessary to constitute a jury question would be defined by the United States Supreme Court. The general rules concerning quantum of proof in wrongful death actions which are recognized by Florida Jurisprudence do not apply and have no bearing on cases brought under the Jones Act or the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.).
As pointed out in our prior decision in this cause, it was the opinion of this Court that the plaintiff must prove that the employer's negligence was the proximate cause of the death complained of. At the time of that opinion and at the time the summary judgment appealed from was entered neither this Court nor the trial Court had the benefit of the opinion of the United States Supreme Court (Conner v. Butler, 109 So.2d 183) reversing a decision of the Florida District Court of Appeal for the Third District. 361 U.S. 29, 80 S.Ct. 21, 4 L.Ed.2d 10. In that cause the facts, briefly, were that the plaintiff, a hose cutter for the defendant railroad, properly and in the course of his duties, crossed through a passenger car on a train being made up. The raised platform floor or trap door, secured by a latching device, fell and injured plaintiff's hand as he alighted using the hand rail. The latch was not shown to be defective and the plaintiff did not know how or why the door injured him. In that cause the lower Court directed a verdict for the defendant and the Third District Court in affirming the lower Court stated.
"To hold that the evidence as to this accident could with reason support a finding that the employer's negligence contributed to produce the injury would be close to, if not all the way toward holding that an accident, in absence of an uncontrovertible explanation to the contrary, is enough to create a reasonable inference that the employer's negligence produced it. It seems reasonable to assume that the Rogers case [Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493] intended no such result." [109 So.2d 184.]
*45 The Rogers case was quoted in the opinion last referred to and was cited as the sole authority by the United States Supreme Court in reversing the above decision. The Rogers case (352 U.S. 500, 77 S.Ct. 443, 448, 1 L.Ed.2d 493) states, in part:
"* * * test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury * * * it does not matter that, from the evidence, the jury may also with reason, on grounds of probability, attribute the result to other causes, including the employee's contributory negligence. Judicial appraisal of the proofs to determine whether a jury question is presented is narrowly limited to the single inquiry whether, with reason, the conclusion may be drawn that negligence of the employer played any part at all in the injury or death."
In reversing the Conner v. Butler decision the Supreme Court of the United States merely observed [80 S.Ct. 22]:
"The proofs were sufficient to submit to the jury the question whether employer negligence played a part in producing the petitioner's injury".
In Schulz v. Pennsylvania Railroad Company, 350 U.S. 523, 76 S.Ct. 608, 100 L.Ed. 668, the United States Supreme Court reversed a Circuit Court of Appeals decision (2 Cir., 222 F.2d 540, 541). In this case Schulz, while discharging his duty as watchman, mysteriously disappeared on December 25, 1949, and his body was recovered from adjacent waters on January 31, 1950. The plaintiff complained that the decedent did not have a safe place to work; that the lighting of the pier was inadequate; that the barges were icy and the pier work force undermanned. We quote from the Circuit Court of Appeals decision:
"* * * The evidence of such alleged negligence was slight * * * there was no showing whatsoever that the alleged conditions were causally related to the accident. Plaintiff never contended that the ice completely covered the barges or that the pier or the barges were entirely shrouded in darkness. We have no way of knowing how or where the accident occurred, and cannot say that it was proximately caused by any default on the part of the defendant." (Emphasis supplied.)
In reversing this decision the United States Supreme Court stated in 76 S.Ct. 608, 611:
"* * Fact finding does not require mathematical certainty. Jurors are supposed to reach their conclusions on the basis of common sense, common understanding and fair beliefs, grounded on evidence consisting of direct statements by witnesses or proof of circumstances from which inferences can fairly be drawn. (Emphasis supplied.)
"We think the evidence was sufficient to require submission of the case to the jury, and that it was error not to do so. Reversed."
In Harris v. Whiteman, 243 F.2d 563, 564; Butler v. Whiteman, 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed.2d 754, the United States Supreme Court reversed the Circuit Court of Appeals of the 5th Circuit. The negligent act complained of was the employer's failure to furnish a gangplank for crossing between two vessels. We quote from the reversed judgment.
"* * * He was last seen around noon on October 7, 1953, and his body was recovered from the river several days later. On the morning he was last seen he had been engaged in the engine room cleaning the boilers preparatory to a Coast Guard inspection.
* * * * * *
"It is equally clear from the undisputed evidence that the G.W. Whiteman *46 was made fast to a floating barge so that for forty feet along its length there was insufficient space between barge and ship for a man to slip into the water. The only negligence that appellants sought to establish being the absence of a gangplank for boarding the G.W. Whiteman, it is clear that on the record it would have been inadmissible for the court to have submitted to the jury the issue of negligence.
* * * * * *
"* * * There is no evidence as to how Butler actually came to be in the water. If it is to be inferred that he might have fallen into the water when he was seen `stepping down' from the barge to the G.W. Whiteman, there is still the undisputed evidence that there was a forty-foot area in which the tug and the barge were so closely bound, both by the lines and by the force of the river's flow, that no space was left sufficient for the passage of a man's body. There was also the undisputed testimony that under such circumstances the normal access between barge and tug was to step from one to the other without a gangplank. There is no evidence that could have authorized the inference that the failure of defendant to provide a gangplank at a particular part of this forty-foot area in any way contributed to the death of the employee. Citing Bohannon v. United States, 2 Cir., 185 F.2d 678." (Emphasis supplied.)
The United States Supreme Court in reversing this decision held that the question of whether or not the employer's negligence played a part in producing the employee's death was for the jury.
In Conner v. Butler, Fla.App., 109 So.2d 183, the plaintiff did not know how or why the accident occurred. In Schulz v. Pennsylvania Railroad Company, 350 U.S. 523, 76 S.Ct. 608, 100 L.Ed. 668, the plaintiff did not know how or where or why the accident occurred. In Harris v. Whiteman, 5 Cir., 243 F.2d 563; Butler v. Whiteman, 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed.2d 754, the plaintiff did not know how or where or why the accident occurred.
It therefore appears that under the Jones Act (46 U.S.C.A. § 688) and the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.) it is not necessary to show that employer negligence was the proximate cause of the injury or death complained of but that it is sufficient to establish a jury question by simply showing some negligence on the part of the employer coupled by direct or circumstantial evidence to the injury or death of an employee.
In our prior decision in this cause we observed that the evidence seemed sufficient to show negligence on the part of the employer. This record contains additional evidence tending to establish the employer's negligence and since the employer's negligence may have played some part in producing the death complained of we are compelled to reverse the summary judgment.
We therefore conclude that the proofs submitted herein were sufficient to create a jury question under the Jones Act as construed by the United States Supreme Court and the judgment is therefore reversed and this cause remanded for further proceedings in accordance herewith.
Reversed and remanded.
WIGGINTON, C.J., and STURGIS, J., concur.