STURGIS, Chief Judge.
This is an appeal from a final judgment in favor of the administratrix of the estate of James Powell Wood, deceased, in a negligence action under the Federal Employers’ Liability Act.
The complaint, filed August 3, 1962, alleged that on August 17, 1959, the said decedent was employed by defendant Southern Railway Company, and that as a proximate result of negligence on the part of his said employer the decedent in the course of employment suffered injuries proximately resulting in his death. Defendant’s answer admitted its status as a common carrier, denied all other material allegations of the complaint, specifically denied that decedent Wood was in its employ when injured, and affirmatively pleaded the two-year statute of limitations in bar of the action.
There were extensive pretrial proceedings. On two occasions plaintiff addressed requests for admissions and answers were filed, as to which we will elaborate. Pursuant to a pretrial order, the parties stipulated that the question of decedent’s employment was one of the issues to be tried. A jury trial was held on March 3rd, 4th and 5th, 1964, resulting in a verdict for plaintiff and the judgment appealed was entered thereon. The trial judge did not participate in the pretrial proceedings.
There are two questions for determination on this appeal: First. Was the evidence sufficient to establish negligence of the defendant proximately contributing to the injury complained of? Second. Did the court err in holding, under all the facts and circumstances of this case, that defendant’s failure to answer under oath, within the period prescribed by rule 1.30, Florida Rules of Civil Procedure, 30 F.S.A., plaintiff’s request for an admission that plaintiff’s decedent was in defendant’s employ when injured, constituted a conclusive, admission of such employment? The latter ruling restricted the jury’s deliberations solely to the question of defendant’s negligence.
The first question must be answered in the affirmative. The question of negligence presented an issue of fact which it was the exclusive prerogative of the jury to determine, and we cannot say that under the rules of law applicable to this type of action it abused its power in that particular. Negligence under the Federal Employers’ Liability Act is such an illusive and fragmentary thing as to defy definition. Attempts to do so usually compound the confusion. It is almost practical to characterize it as that indefinable something that is present when the jury finds for the claimant and likely to be there if a contrary finding results.. See Gaymon v. Quinn Menhaden Fisheries of Texas, Inc., 118 So.2d 42, 81 A.L.R.2d 1165 (Fla.App. 1960); Atlantic Coast Line Railroad Company v. Barrett, 101 So.2d 37 (Fla.1958).
*616 The second question arises under the following facts: On November 14, 1962, plaintiff filed and served on defendant a series of seven requests for admissions. The first request sought an admission that the decedent, James Powell Wood, was an employee of the defendant on the date of his alleged injury. Within ten days the defendant filed an unverified response denying the first request and objecting to the remainder. The objections were overruled and on December 11, 1962, defendant filed and served upon plaintiff responses under oath to each of said requests for admissions, including the request relating to employment, again denying same. No further action was taken with regard to said original requests and responses thereto until the second day of the trial, sixteen months later. Meantime the court had entered a pretrial order and in response thereto the parties unequivocally stipulated that the case would be tried on the issue, inter alia, of “whether or not the deceased James Powell Wood was an employee of the defendant corporation.”
Prior to such stipulation plaintiff had addressed to defendant a series of 41 additional requests for admissions and received responses thereto under oath, none of which directly involved the issue of employment; and at the outset of the trial counsel for plaintiff read the latter to the jury but did not at that point contend that defendant’s failure to verify its first response, made within ten days after the November 14, 1962, request concerning Wood’s employment and some sixteen months prior to tire trial, constituted an admission of such employment notwithstanding the subsequent verified response to said request. Indeed, the conclusion is inescapable that until along in the second day of the trial the litigants, the trial judge, and the jury were serenely proceeding on the theory that the subject of employment was a material issue to be established by the plaintiff, much of whose evidence had that intended effect.
On the second day of the trial, however, plaintiff’s counsel became alerted (by what circumstance is not shown) to the fact that defendant’s original response to plaintiff’s request for admissions touching upon Wood’s employment status was not made under oath as required by rule 1.30, Florida Rules of Civil Procedure, which provides that a requested admission shall be deemed admitted unless within ten days denied under oath, and insisted on the benefit of the rule. Later in the trial the presiding judge ruled that by virtue of the admission imposed on defendant under the rule, plaintiff was deemed to have established said issue of employment, and announced that the only other issue necessary to be proved by plaintiff was negligence of the defendant, whose duty it was to provide a reasonably safe place to work. The trial thereafter progressed on that predicate.
The record does not indicate that the mentioned facts and sequence of events touching upon the issue of employment as developed by the pretrial proceedings were clearly laid before the trial judge in the course of the trial proper. We entertain little doubt that had this been done, it is likely (1) that defendant would have been permitted to verify nunc pro tunc its response to the subject request for admissions, or (2) that in the light (a) of the subsequent verified response, filed more than one year before the trial, and (b) the stipulation of the parties that the question of employment was an issue to be tried, the court would have treated defendant’s failure to state under oath as having been waived, and the plaintiff thereby required to maintain the material issue of employment. These considerations lead us to conclude that under the circumstances of this case invocation of the rule operated more in the nature of a penalty upon the defendant than as an aid to an orderly and expedient trial of the material issues.
 We are reminded that under the circumstances of this case the defendant might have applied to the trial court for relief under rule 1.38(b), Florida Rules of Civil Procedure, and the time allowed there *617 for has not expired. The ends of justice under the law dictate that an opportunity he afforded in the trial court to cure the error, if any, resulting under the circumstances, therefore:
Of our own motion, we do hereby temporarily relinquish jurisdiction of this cause to the trial court for the purpose of receiving and disposing of such motion, if any, as within thirty days from this date may be filed by appellant under rule 1.38(b), Florida Rules of Civil Procedure, the costs of such supplemental proceedings to be borne by appellant. Upon the conclusion thereof the appellant shall at its expense file in this court a transcript of said proceedings, whereupon this cause shall proceed to final disposition.
It is so ordered.
WIGGINTON and CARROLL, DONALD K., JJ., concur.