PER CURIAM.
In an action filed in the circuit court of Dade County, under the Federal Employers’ Liability Act, 45 U.S.C.A. § 51 et seq., the appellant sought damages for personal injuries against the appellee railroad company. The action presented claims for four separate injuries, alleged to have been suffered by the appellant on August 14 and 15, November 15 and November 30 of 1964. Upon trial a directed verdict was entered in favor of the defendant railroad company. Judgment was entered thereon, and the plaintiff appealed.
On consideration of the record and briefs we find no error in the action of the trial court in directing a verdict in favor of the defendant railroad company on the claims for injuries of August 14 and 15 and November 15 of 1964, and affirm the judgment to that extent.
*866 Regarding the injury claimed to have occurred on November 30, 1964, while plaintiff was attempting to board a flat car of a train in motion, we hold that the evidence was. sufficient to submit to the jury the question of whether employer negligence played a part in producing appellant’s injury of November 30, 1964, directly or by aggravation, under the tests therefor as outlined in Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493. See also, Conner v. Butler, 361 U.S. 29, 80 S.Ct. 21, 4 L.Ed.2d 10; reversing Conner v. Butler, Fla.App. 1959, 109 So.2d 183.
The judgment is affirmed in part and reversed in part, and the cause is remanded to the circuit court for a new trial on the issues raised with relation to the injury alleged to have occurred on November 30, 1964.
It is so ordered.