265 So.2d 11 (1972)
W.D. McCALLEY, Petitioner,
v.
SEABOARD COAST LINE RAILROAD COMPANY, a Virginia Corporation, Respondent.
No. 41687.
Supreme Court of Florida.
June 7, 1972.
Rehearing Denied August 23, 1972.
Alan R. Schwartz of Horton, Schwartz & Perse and Henry & Stroemer, Miami, for petitioner.
Harlan Tuck, of Giles, Hedrick & Robinson, Orlando, for respondent.
BOYD, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, reported at 252 So.2d 275. Jurisdiction is based on conflict between the decision sought to be reviewed and Gaymon v. *12 Quinn Menhaden Fisheries of Tex., Inc.[1] and McCloskey v. Louisville & Nashville Railroad Co.[2] and Atlantic Coast Line Railroad Co. v. Barrett.[3]
Plaintiff, W.D. McCalley, petitioner herein, brought suit against defendant railroad, respondent herein, for damages based on the railroad's alleged violation of the Federal Safety Appliance Act, 45 U.S.C.A. § 2, which provides as follows:
"It shall be unlawful for any common carrier engaged in interstate commerce by railroad to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars."
On September 11, 1969, petitioner was working as a trainman-brakeman for the Seaboard Coast Line Railroad Company at the Seaboard station in Taft, Orange County, Florida. He had been employed by the railroad for three years and one of his jobs was uncoupling railroad cars. The cars were equipped with automatic couplers, devices connecting railroad cars which couple and uncouple without the necessity of men climbing between the cars. The uncoupling is properly accomplished by the trainman pulling a "cut-lever" or uncoupling pin while standing safely outside the cars. On the day in question, petitioner tried unsuccessfully to uncouple a string of piggyback flat cars from the remainder of the freight train by pulling several times on the "cut-lever" or uncoupling pin. When he was unable to activate the cut-lever, petitioner climbed between the cars to get a different angle to pull the pin. As he did so, he fell from the draw-head onto the ground tearing several ligaments in his leg and seriously injuring himself.
At the trial there was conflicting evidence as to whether there was sufficient slack to allow the uncoupling device to operate properly at the time petitioner tried to activate the cut-lever. There was also conflict on whether petitioner called to the engineman for slack. The railroad contended that the failure of the cut-lever to operate did not demonstrate that it was defective and that petitioner's conduct in attempting to climb between the cars was the sole proximate cause of the accident.
The jury returned a verdict for the railroad and the District Court of Appeal affirmed, holding that questions of defect in the coupler and causal connection were for the jury and that the jury instructions, taken as a whole, adequately stated the law.
The sole question presented here is whether the giving of the following instructions to the jury constituted reversible error:
"Mr. McCalley claims that the car or cars he was working upon at the time of his accident was defective; that said condition either caused or contributed to cause, either wholly or in part, Mr. McCalley's injuries.
"If you find from a preponderance of the evidence that a defective condition was caused to exist due to defendant's failure to comply with the Safety Appliance Act by failing to provide an uncoupling mechanism which did not operate efficiently, then the defendant railroad is liable to Mr. McCalley for the damages which he sustained. If the defective condition caused or contributed in any degree to Mr. McCalley's injuries, then the railroad would be liable to Mr. McCalley for his damages.
"You are instructed that to find the defendant railroad liable for plaintiff's injuries and damages you must first find that the coupler on the cars in question *13 was defective, and then you must also find that the defect in such coupler was a proximate cause in whole or in part of such injuries. In the event that you find that the coupler was not defective, or, if defective, was not the proximate cause of plaintiff's injuries, then you should return a verdict for the defendant. (e.s.)
"You are instructed that if you find from the evidence that prior to the time plaintiff was injured, he attempted to operate the cutting lever on the car in question in the usual and customary manner but did not succeed in uncoupling the car prior to the time he attempted to cross over to the other side of the train, and if you further find that the failure, if any, to operate the cutting lever was not a proximate cause in whole or in part of plaintiff's injuries, then you must find defendant, Seaboard Coastline Railroad Company, not guilty as to plaintiff's claim under the Safety Appliance Act. (e.s.)

"An employee of a railroad cannot recover under the Safety Appliance Act if the failure to comply with its requirements is not in whole or in part a proximate cause of the accident which results in his injuries but merely creates an incidental condition or situation in which the accident otherwise caused results in such injury." (e.s.)
In McCloskey v. Louisville & Nashville Railroad Co., supra, an action under the Federal Employers' Liability Act, the trial court granted judgment notwithstanding the verdict, for the defendant railroad, in an order finding:
"(a) That the evidence wholly fails to establish that any negligence complained of by the Plaintiff was a proximate cause of his injuries;
"(b) That the evidence wholly fails to establish that any act or omission of the Defendant or any of its agents or servants was a proximate cause of Plaintiff's injuries."
The District Court of Appeal, First District, reversed and remanded, holding:[4]
"At this point we wish to note, in fairness and deference to the learned trial judge, that when that judgment was entered the bench and bar did not have the benefit  using that term in a strictly technical sense  of the more recent decisions of this and other Florida courts which, in conformity with controlling decisions of Federal courts, substantially modify the classic concept of proximate cause in tort actions, so as to render it inapplicable to actions for personal injuries suffered by one coming within the purview of the Federal Employers' Liability Act. Substituted therefor is the notion of `causal connection' between the injury and the negligent condition or act producing it."
In the earlier decision of Gaymon v. Quinn Menhaden Fisheries of Texas, supra, the First District stated that under the F.E.L.A. "it is not necessary to show that employer negligence was the proximate cause of the injury or death complained of...."[5]
This Court in Atlantic Coast Line Railroad Co. v. Barrett, supra, affirmed a judgment for the employee under the F.E.L.A., holding:[6]
"The law was enacted because the Congress was dissatisfied with the common-law duty of the master to his servant. *14 The statute supplants that duty with the far more drastic duty of paying damages for injury or death at work due in whole or in part to the employer's negligence. The employer is stripped of his common-law defenses and for practical purposes the inquiry in these cases today rarely presents more than the single question whether negligence of the employer played any part, however small, in the injury or death which is the subject of the suit." (e.s.)
The McCloskey, Gaymon and Barrett cases are properly cited for conflict although they arose under the Federal Employers' Liability Act, § 51 et seq. of Title 45 and the decision sought to be reviewed arose under the Federal Safety Appliance Act, Subsections (1) through (16) of Title 45. It is conceded that the same rule regarding causation is applicable to both Title 45 actions. This is explained by the United States Supreme Court in Crane v. Cedar Rapids and Iowa City Railroad Co.,[7] as follows:
"The cause of action created by the Federal Employers' Liability Act of 1908, 35 Stat 65, as amended, 45 U.S.C. § 51 et seq., embraces claims of an employee based on violations of the Safety Appliance Act. In such actions, the injured employee is required to prove only the statutory violation and thus is relieved of the burden of proving negligence,... . He is not required to prove common-law proximate causation but only that his injury resulted `in whole or in part' from the railroad's violation of the Act, ... and the railroad is deprived of the defenses of contributory negligence and assumption of risk, ... ."
The District Court of Appeal, Third District, in Conner v. Butler,[8] affirmed the trial court's order directing a verdict for the defendant railroad, holding:
"Here the plaintiff, a hose cutter for the railroad, properly and in the course of his duties, crossed through a passenger car on a train being made up. The raised platform floor or trap door, secured by a latching device, fell and injured plaintiff's hand as he alighted using the handrail. The latch was not shown to be defective, and the plaintiff did not know how or why the door injured him.
* * * * * *
"To hold that the evidence as to this accident could with reason support a finding that the employer's negligence contributed to produce the injury would be close to, if not all the way toward holding that an accident, in absence of an uncontrovertible explanation to the contrary, is enough to create a reasonable inference that the employer's negligence produced it. It seems reasonable to assume that the Rogers case intended no such result."
The United States Supreme Court reversed the Conner case, holding:[9]
"The proofs were sufficient to submit to the jury the question whether employer negligence played a part in producing the petitioner's injury."
The landmark case on causation in F.E.L.A. actions is Rogers v. Missouri Pacific Railroad Co.,[10] decided by the United States Supreme Court in 1957. The "Rogers rule" on the question of causation is stated as "whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought."[11] This Court in Atlantic Coast Line Railroad Co. v. Barrett, *15 supra, recognized the Rogers rule and quoted extensively from that case. The Rogers case is generally interpreted as either departing from or entirely eliminating the common-law concept of proximate cause from F.E.L.A. actions.[12] Decisions from Federal and State courts under F.E.L.A., decided prior to the Rogers case and referring to proximate causation, are of doubtful validity today. An example of such a pre-Rogers decision is Chicago, M. St. P. & P.R.R. Co. v. Linehan,[13] decided by the Circuit Court of Appeal, Eighth Circuit in 1933. The trial court's instruction to the jury in the instant case was taken in part from the Linehan decision.[14]
Clearly, the concept of proximate cause no longer has any place in an action under the Federal Safety Appliance Act. The use of the term "proximate cause" in the trial court's instruction in the instant case was erroneous. The question remains whether the error was of sufficient magnitude to require reversal. We hold that it was. It is true that portions of the instruction on liability were correct, but, considering the charge as a whole and in view of the close factual situation in the instant case, the repeated use of the term "proximate cause" coupled with the final paragraph of the instructions set out supra, taken from a 1933 pre-Rogers decision, constitutes reversible error.
Accordingly, certiorari is granted, the decision of the District Court is quashed and the cause remanded with directions to remand to the trial court for a new trial.
It is so ordered.
ERVIN, ADKINS and McCAIN, JJ., concur.
ROBERTS, C.J., dissents.
NOTES
[1] 118 So.2d 42 (Fla.App.1st 1960).
[2] 122 So.2d 481 (Fla.App.1st 1960).
[3] 101 So.2d 37 (Fla. 1958).
[4] McCloskey v. Louisville & Nashville Railroad Co., 122 So.2d 481, 483 (Fla. App.1st 1960).
[5] Gaymon v. Quinn Menhaden Fisheries of Texas, 118 So.2d 42, 46 (Fla.App.1st 1960).
[6] Atlantic Coast Line Railroad Co. v. Barrett, 101 So.2d 37, 49 (Fla. 1958).
[7] 395 U.S. 164, 166, 89 S.Ct. 1706, 1708, 23 L.Ed.2d 176 (1969).
[8] 109 So.2d 183, 184 (Fla.App.3rd), cert. den. 113 So.2d 835 (Fla. 1959).
[9] 361 U.S. 29, 80 S.Ct. 21, 4 L.Ed.2d 10 (1959).
[10] Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957).
[11] Id. at 506, 77 S.Ct. at 448.
[12] 98 A.L.R.2d 653, 657 (1964).
[13] 66 F.2d 373 (C.C.A.8th 1933).
[14] Id. at 378: "[A]n employee cannot recover under the Safety Appliance Act if the failure to comply with its requirements is not a proximate cause of the accident which results in his injury, but merely creates an incidental condition or situation in which the accident, otherwise caused, results in such injury;... ."