ERVIN, Judge.
Appellant Bobby Holland brought this action under the Federal Employers’ Liability Act (FELA) for grievous personal injuries suffered while an employee of the appellee Seaboard Coast Line Railroad Company. He alleged numerous acts of negligence and statutory violations that resulted in his injuries. The jury, however, found for the railroad.
Appellant was injured in a switching movement. He first contends the trial judge erred in excluding evidence that the railroad failed to remove high weeds and debris adjacent to the track and roadbed near the accident scene, and that the weeds and debris made walking there at night dangerous. As the trial court held in its order denying a new trial, the proffered evidence was not admissible under any pleaded theory of negligence. Appellant’s amended complaint, as further amended, alleged the railroad was negligent in several respects, among them in failing to furnish appellant a reasonably safe place in which to work and in negligently directing the train crew to pick up cars by a hazardous method “when there was a safer alternative method of accomplishing the same objectives.”
The proffered evidence was not admissible to prove the railroad failed to provide appellant a reasonably safe place to work, because appellant did not traverse the area said to have been overgrown with weeds and strewn with debris. Appellant’s argument for the admissibility of his proffered evidence is that by permitting an accumulation of weeds and debris, the railroad negligently foreclosed appellant’s use of that area of the track which, if used, would have permitted a safer operation than the operation actually employed. That theory may well have been a potential theory of liability, but in causative terms it was a step away from the pleaded theories. *620 The bare mention of that theory of potential liability in the pretrial conference held a few days before trial, during counsel’s argument on the scope of proper discovery in the latter stages of preparation, did not amend the complaint so as to require expansion of the liability theories at trial.
Moreover, when viewed in the context of a lengthy and complicated trial of numerous liability issues, any error in the trial court’s refusal to permit exploration of yet another theory was harmless. Section 59.-041, Florida Statutes (1975). The jury considered and rejected appellant’s proof that the particular method used to move the train at the time and place of his injury was unreasonably dangerous. We find no miscarriage of justice after examination of the entire record.
Appellant’s second point concerns the jury instruction defining negligence. The trial judge charged: “Negligence is a legal cause of injury if it directly and in a natural and continuous sequence produces, or contributes to producing such injury so that it can reasonably be said that but for the negligence the injury would not have occurred.”
Since Rogers v. Missouri Pacific Railroad Company, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), the test in FELA actions for determining employer negligence is simply whether it played any part, even the slightest, in producing the injury for which damages are sought. The burden of the employee is met, and the obligation of the employer to pay damages arises when there is proof, though circumstantial, from which the jury may with reason make that inference. This reasoning was adopted by the Florida Supreme Court in Atlantic Coast Line Railroad Company v. Barrett, 101 So.2d 37 (Fla.1958). Therefore, the above quoted instruction is correct in saying the railroad’s negligence is a legal cause of injury if it “produces or contributes to producing” such injury. The instruction was incorrect, however, in charging the jury it must find that “but for the negligence the injury would not have occurred.”
If our appellate task ended upon determining the instruction was in part incorrect, a new trial would be mandated. However, we must also determine whether the error was of sufficient magnitude to require reversal, considering the charge as a whole. McCalley v. Seaboard Coast Line Railroad Company, 265 So.2d 11 (Fla.1972). McCalley involved an alleged violation of the Federal Safety Appliance Act, 45 U.S.C. § 2, which employs the same causal test as the FELA in determining an employer’s negligence. During trial the jury was repeatedly instructed that a verdict should be returned for the defendant if the alleged negligence was found not to be the proximate cause of plaintiff’s injuries. The Supreme Court found the concept of proximate cause plays no part in an action under the Federal Safety Appliance Act, and further, the repeated use of the term “proximate cause”, together with an erroneous instruction from a 1933 pre-Rogers decision, constituted reversible error.
We find the charge as given does not rise to the level of reversible error. The offending “but for” language was used only once during the extensive instructions to the jury. The trial judge throughout his charge informed the jury it should find for the plaintiff if any improper act on the part of the railroad “contributed in whole or in part” to the plaintiff’s injury. In order to determine if any prejudice resulted to Mr. Holland, we reviewed the argument of defense counsel and found no reference to the “but for” test for determining the negligence of the railroad. Defense counsel’s brief reference to causation in his argument is consistent with FELA law: “They have got to show that something is defective, something isn’t working, that it played some part in the accident here.”
Finally, the prejudicial effect of that portion of the offending instruction is belied by the second paragraph following it:
“Now, under the Federal Employers’ Liability Act the defendant Railroad Company is liable if the defendant, his agents, servants, or employees, acting in the scope of their agency or employment *621 were negligent and the negligence played any part, however small, in producing the injury for which damages are sought.”
The jury, after nine days of trial, concluded the railroad was guilty of no improper act making it responsible for Mr. Holland’s injuries. We are sympathetic to his plight. But we are compelled to find a fair trial was conducted and a sufficient factual basis existed for the jury’s verdict.
We have considered the remaining points on appeal and find no error. The judgment is
AFFIRMED.
MELVIN, J., concurs.
SMITH, Acting C. J., concurs with opinion.