RYDER, Acting Chief Judge.
Appellant, William Scott (Scott), challenges the trial court’s order denying his motion for a new trial in this federal employer’s liability action (FELA). Scott raises four issues; however, only the following two have merit: (1) the trial court erred in failing to allow into evidence and to instruct the jury regarding federal regulation, 49 C.F.R. § 213.37(c); and, (2) the trial court erred in failing to give the proper Rogers instruction. We agree that the trial court erred, and therefore reverse.
Under Count I of the complaint, Scott claimed damages against appellee, Seaboard System Railroad, Inc. (Seaboard), for injuries sustained on August 20, 1984 due to Seaboard’s negligence in failing to furnish Scott a safe place to work. Under Count II, Scott alleged that on May 7, 1986 he injured his back a second time while performing his job. At the time and place of the first accident, Scott was assigned the task of monitoring the work of a telecommunications company which was installing an underground cable. Scott alleged that he was walking along the right-of-way area in grass or weeds eighteen inches to two feet high, adjacent to the roadbed, which was Seaboard’s property, when he stepped on a bolt, slipped and injured his back.
Scott claims that he was injured as a result of Seaboard’s violation of 49 C.F.R. § 213.37(c), which requires railroad companies to control vegetation on or adjacent to the roadbed.[1] Scott alleges that the vegetation, located on Seaboard’s property immediately adjacent to the roadbed, was not adequately controlled, thereby interfering with the performance of his normal track-side duties. Prior to trial, Scott filed a Notice to Rely Upon Federal Regulation 49 C.F.R. § 213.37(c), for the purpose of imposing upon Seaboard absolute or strict liability with regard to Count I of the complaint.
At trial there was evidence introduced by both parties regarding the maintenance of the right-of-ways with regard to the control of vegetation. There was conflicting evidence regarding the height of the vegetation at the time of the accident. However, when Scott attempted to introduce into evidence the federal regulation regarding the control of vegetation, the court would not allow it. Later, the court refused to instruct the jury on Seaboard's duty to control the vegetation.
49 C.F.R. § 213.37(c) is part of a regulatory scheme promulgated by the Secretary of Transportation under the Railroad Safety Act, 45 U.S.C. § 431 (1982). The purpose of the Act is to “promote safety in all areas of railroad operations and to reduce railroad-related accidents....” 45 U.S.C. § 421 (1982). This regulation has the same force and effect as a statute, in that neither assumption of risk nor contributory negligence may be asserted as a defense. 45 U.S.C. § 437(c) (1982). *501 See Eckerd v. Aliquippa and Southern Railroad Co., 828 F.2d 183 (3d Cir.1987); Diede v. Burlington Northern Railroad Co., 772 F.2d 593 (9th Cir.1985) (district court did not abuse its discretion by admitting 49 C.F.R. § 229.45, providing that all components on a locomotive be securely attached, as evidence of railroad’s negligence). Cf. Holland v. Seaboard Coast Line Railroad Co., 353 So.2d 618 (Fla. 1st DCA 1977) (evidence that railroad failed to remove high weeds and debris adjacent to track and roadbed, and that such failure made walking there dangerous not admissible where employee did not traverse area).
We agree that the trial court erred when it refused to permit Scott to submit the issue to, or instruct, the jury that if the vegetation regulation was violated, Scott’s own negligence was irrelevant. Proof that Seaboard’s violation of 49 C.F.R. § 213.37(c) contributed to Scott’s injury was a necessary element of his case; therefore, testimony relating to the issue should have been admitted, and the jury should have been instructed on this issue. See Seaboard Coastline Railroad Co. v. Addison, 502 So.2d 1241 (Fla.1987) (error for court to refuse to instruct the jury on the requirements of regulations under Florida Uniform Traffic Control Laws). The instruction was necessary to allow the jury to resolve all the issues in this case, especially in light of the fact that a violation of this regulation would bar any defense of contributory negligence.
We also agree that the trial court gave an improper Rogers[2] instruction. The first part of the instruction tracked the correct language by instructing that:
For the purpose of this action, negligence is a legal cause of damages if it played any part, even the slightest, in bringing about or actually causing the injury or damage.
However, the trial court then erred by inserting the following language:
So, if you should find from the evidence in the case that any negligence of either party contributed in any way toward any injury or damage suffered by the Plaintiff, you may find that such injury or damage was legally caused by that party’s act or omission.
The second part of this charge addressed the theory of proximate cause which contradicts the first part of the instruction, which would make Seaboard liable if it played any part at all in causing the accident. See McCalley v. Seaboard Coast Line Railroad Co., 265 So.2d 11 (Fla.1972). Where the instructions conflict and may have reasonably confused or misled the jury, the cause must be reversed. See Adkins v. Seaboard Coast Line Railroad Co., 351 So.2d 1088 (Fla. 2d DCA 1977). Additionally, we note that this error could have reasonably affected the jury’s determination of Count II, inasmuch as the jury found no liability on the part of Seaboard for the second accident.
Accordingly, we reverse the judgment as to both counts and remand for a new trial consistent with this opinion.
Reversed and remanded.
FRANK and PARKER, JJ., concur.

. That section in relevant part provides:
Vegetation on railroad property which is on or immediately adjacent to roadbed must be controlled so that it does not....
[[Image here]]
(c) Interfere with railroad employees performing normal trackside duties; ....

. Rogers v. Missouri Pacific Railroad Co., 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957).