Mary HARRIS, widow of Dupree Butler, et al., Appellants,

v.

George W. WHITEMAN, Appellee.

No. 16421.

United States Court of Appeals Fifth Circuit.

April 26, 1957.

Rehearing Denied June 13, 1957.

Claude F. Kammer, New Orleans, La., for appellants.

Amos L. Ponder, Jr., New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and TUTTLE, Circuit Judges.

TUTTLE, Circuit Judge.

Appellants, the widow and children of Dupree Butler, appeal from the order of the trial court directing a verdict for the defendant ship owner and the judgment based on such directed verdict. The suit was brought under the Jones Act, 46 U.S.C.A. § 688.

Butler's death was due to drowning. There were no eyewitnesses to the cir-

cumstances surrounding his falling into the water.[1] He was last seen around noon on October 7, 1953, and his body was recovered from the river several days later. On the morning he was last seen he had been engaged in the engine room cleaning the boilers preparatory to a Coast Guard inspection.

In view of the fact that the evidence is undisputed that the G. W.Whiteman was a "dead ship" on which no steam had been raised during the year 1953 and which had no Coast Guard certificate permitting it to operate, and that it had no "crew," and moreover that Butler was employed as a laborer on an hourly wage on the day when he disappeared, a directed verdict was required on the issue of Butler's coverage under the Jones Act, it being the contention of the appellee that he was not a seaman at the time of his death. Desper v. Starved Rock Ferry Co., 342 U.S. 187, 72 S.Ct. 216, 96 L.Ed. 205; Cf. Carumbo v. Cape Cod Steamship Co., 1 Cir., 123 F.2d 991.

It is equally clear from the undisputed evidence that the G. W. Whiteman was made fast to a floating barge so that for forty feet along its length there was insufficient space between barge and ship for a man to slip into the water. The only negligence that appellants sought to establish being the absence of a gangplank for boarding the G. W. Whiteman, it is clear that on the record it would have been inadmissible for the court to have submitted to the jury the issue of negligence. Bohannon v. United States, 2 Cir., 185 F.2d 678; Cf. Holm v. Cities Service Transportation Co., 2 Cir., 60 F.2d 721.

The only material question presented on this appeal therefore is whether the trial court erred in denying appellant's motion for new trial on the ground of newly discovered evidence. The motion

---

1. The last person testifying who saw him alive was a fellow-employee named Barnett. Barnett was on another tug which was approaching the G. W. Whiteman from the river side. Barnett saw Butler's head over the superstructure of the G. W. Whiteman. He said it looked as though Butler "just stepped down * *. He looked just like he was just stepping down off a bitt down a little bit low, that's all."

was filed within the time authorized under the rules. Rule 59(b) Fed.Rules Civil Procedure, 28 U.S.C.A. Principal reliance in this motion was placed on affidavits by harbor police stating that they had observed the G. W. Whiteman towing several ships during the year 1953 prior to October 7th. Counter affidavits were filed by appellee in which it was asserted that each of the occurrences mentioned in appellant's affidavits involved a different tug owned by appellee also having the name "Whiteman."

■ Assuming the degree of diligence required to warrant the granting of a new trial on the ground of newly discovered evidence, it is most exceptional for an appellate court to interfere with the discretion exercised by the trial court in determining this issue as well as the question whether the newly discovered evidence, if admitted, would likely cause a different result.

> "It has been uniformly held that according to Rule 59 of Civil Procedure, 28 U.S.C.A., a motion for new trial is addressed to the sound discretion of the trial judge, and will not be disturbed except for a clear abuse of that discretion. Such a motion grounded upon newly discovered evidence will not be granted unless (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." English v. Mattson, 5 Cir., 214 F.2d 406, 409.

We have also said:

> "A motion for a new trial is addressed to the sound discretion of the trial court. A ruling thereon cannot be disturbed by an appellate court unless it constitutes a manifest abuse of discretion." Teche Lines v. Boyette, 5 Cir., 111 F.2d 579, 581.

See also Standard Oil Co. v. Burleson, 5 Cir., 117 F.2d 412; Atlantic Coast Line R. Co. v. Smith, 5 Cir., 135 F.2d 40.

Even though the trial court were held to have abused its discretion for refusing to grant a new trial had the issue of coverage of the Jones Act been the only issue in the case, which point, however, we do not decide, it is clear from the record that the court would be fully justified in concluding that the proffered new evidence was not material because of the complete failure of proof as to negligence. There is no evidence as to how Butler actually came to be in the water. If it is to be inferred that he might have fallen into the water when he was seen "stepping down" from the barge to the G. W. Whiteman, there is still the undisputed evidence that there was a forty-foot area in which the tug and the barge were so closely bound, both by the lines and by the force of the river's flow, that no space was left sufficient for the passage of a man's body. There was also the undisputed testimony that under such circumstances the normal access between barge and tug was to step from one to the other without a gang-plank. There is no evidence that could have authorized the inference that the failure of defendant to provide a gang-plank at a particular part of this forty-foot area in anyway contributed to the death of the employee. Bohannon v. United States, supra.

■■ The trial court having based its order directing a verdict for the defendant both on the absence of evidence showing that the decedent was a seaman and the absence of evidence of negligence on the part of the defendant contributing to decedent's death, we cannot say that its refusal to grant a new trial on the ground of newly discovered evidence amounted to an abuse of discretion. We think it important again to point out that recovery under the Jones Act is dependent upon proof of negligence having a causal effect on the injury suffered by a seaman. It is not in the nature of a workmen's compensation act providing compensation without reference to negligence. Whatever rights may be available to these plaintiffs under the state workmen's compensation act or alternatively under the Longshoremen's and Harbor

Workers' Compensation Act, 33 U.S.C.A. §§ 901 et seq., by reason of Butler's employment, are not before us for decision. The interrelation of these statutes is commented on in the Supreme Court's opinion in the case of Desper v. Starved Rock Ferry Co., supra.

We think the court below properly disposed of the case. Its judgment is affirmed.