Edward MEYER, Appellant,

v.

EMPLOYERS LIABILITY ASSURANCE CORPORATION, Appellee.

No. 20912.

United States Court of Appeals
Fifth Circuit.

April 28, 1964.

when the charge is considered as a whole, and in the light of the facts adduced on the trial.

Neither is there any merit in the other contention; that the court erred in denying the motion for new trial based on newly discovered evidence. Without reaching any question of diligence, see Harris v. Whiteman, 5 Cir., 1954, 243 F.2d 563; it is clear that the alleged new evidence was merely cumulative. Chemical Delinting Co. v. Jackson, 5 Cir., 1951, 193 F.2d 123. There was no abuse of discretion.

Affirmed.

CAMERON, Circuit Judge, participated in the hearing of this case, but died before this opinion was written.

---

Elliott Ross Buckley, New Orleans, La., for appellant.

Robert E. Leake, Jr., of Hammett, Leake & Hammett, New Orleans, La., for appellee.

Before CAMERON and BELL, Circuit Judges, and INGRAHAM, District Judge.

PER CURIAM:

Having lost his case to a jury, and after denial of his motion for new trial, appellant is here seeking reversal on two contentions of error. The matter involved is a negligence action seeking damages for injuries sustained when appellant slipped down on vegetable matter in the aisle of a supermarket where he was a customer.

The first error asserted rests on the jury charge in two particulars. Both are without merit. Cf. Powell v. L. Feibleman & Co., La.App., 1939, 187 So. 130; Peters v. Great Atlantic & Pacific Tea Co., La.App., 1954, 72 So.2d 562; and Knight v. Travelers Insurance Company, La.App., 1947, 32 So.2d 508. These cases are ample authority for those portions of the charge of which appellant complains