WASHINGTON MOBILIZATION COMMITTEE et al., Appellants,

v.

Burtell M. JEFFERSON, Chief of the Metropolitan Police Department of the District of Columbia et al.

No. 78–1648.

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 24, 1979.

Decided Feb. 6, 1980.

John Vanderstar, Washington, D. C., with whom Stephen R. Mysliwiec and Ralph J. Temple, Washington, D. C., were on the brief, for appellants.

David P. Sutton, Asst. Corp. Counsel for the District of Columbia, Washington, D. C.,

with whom Louis P. Robbins, Acting Corp. Counsel, and Richard W. Barton, Deputy Corp. Counsel, Washington, D. C., were on the brief, for appellees.

Before J. EDWARD LUMBARD,* U.S. Senior Circuit Judge for the Second Circuit, and TAMM and MIKVA, Circuit Judges.

Opinion for the court filed by Circuit Judge TAMM.

TAMM, Circuit Judge:

United States District Judge Joseph C. Waddy refused appellants' request to re-open this case to consider newly discovered evidence. Appellants have appealed, contending that this decision was an abuse of discretion. We affirm.

The factual background and procedural history of this litigation are fully discussed in *Washington Mobilization Committee v. Cullinane*, 184 U.S.App.D.C. 215, 566 F.2d 107, *rehearing en banc denied*, 184 U.S.App. D.C. 232, 566 F.2d 124 (D.C.Cir.1977), in which a panel of this court reversed a district court ruling that had found certain practices of the Metropolitan Police Department of the District of Columbia to be unconstitutional. The appellants here, who were the original challengers of the police practices in *Cullinane*, sought en banc review of the panel decision. We declined to rehear the case en banc, although five members of the court, speaking through separate statements by then Chief Judge Bazelon and Judge Leventhal, expressed concern over parts of the panel opinion. In particular, Judge Leventhal, writing for himself and three other judges, stated:

> Whether to exercise en banc discretion is particularly likely to turn on whether recurrent problems are visualized. With indications that the police department has been advancing in its low-key approach, and with the reasonable expectation that it will reflect on the various decisions involving mass arrests, it makes sense on prudential grounds to let the smoke clear so far as the court en banc is concerned.

*Id.* at 238, 566 F.2d at 130 (Leventhal, J., statement of reasons for voting to deny rehearing en banc).[1] Chief Judge Bazelon expressed similar sentiments. *See id.* at 236–37, 566 F.2d at 128–29 (Bazelon, C.J., statement of reasons for voting to deny rehearing en banc). Thus, the full court allowed the panel decision to remain controlling.[2] The district court subsequently entered judgment accordingly.

If appellants are correct, not only has the smoke failed to clear as Judge Leventhal had anticipated, but indeed the fire has been rekindled. Shortly after the trial court had entered its judgment on remand, appellants, having discovered that the police department had adopted new mass demonstration and prisoner control manuals, reentered the district court. Concerned that these manuals might authorize unlawful police behavior, appellants asked the court to reopen the record under Federal Rule of Civil Procedure 59(a)[3] to receive

---

* Sitting by designation pursuant to 28 U.S.C. § 294(d) (1976).

1. Judge Leventhal emphasized that "a vote to deny rehearing en banc does not necessarily connote agreement with the decision as rendered." 184 U.S.App.D.C. at 237, 566 F.2d at 129 (Leventhal, J., statement of reasons for voting to deny rehearing en banc). *See generally* Fed.R.App.P. 35(a); 28 U.S.C.A. § 46(c) (West Supp.1979).

2. The present appellants did not petition the Supreme Court for a writ of certiorari.

3. Appellees note in passing that "[i]t appears that appellants have traveled an incorrect procedural route in seeking relief under Rule 59," rather than rule 60(b), because the proffered new evidence pertains to facts occurring after trial, not facts that were in existence (though undiscovered) at the time of trial. Brief for Appellees at 10 n.1. *See* Fed.R.Civ.P. 59, 60(b); 6A *Moore's Federal Practice* ¶ 59.08[3], at 59–115 (1973); 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2808, at 55 & n.94 (1973). Appellees' argument assumes that the relevant time of "trial," for purposes of deciding whether rule 59 applies in this case, is the time of the original trial in 1974, and not the time when the district court entered judgment on remand in 1978, after this court had issued its panel opinion and the separate statements concerning the denial of en banc reconsideration.

We need not address the niceties of this procedural issue, which has not been fully briefed

the new manuals as "newly discovered evidence." Judge Waddy denied the request, and appellants filed this appeal, contending that his decision was an abuse of discretion. Specifically, they argue that "contrary to 'the reasonable expectation' expressed in Judge Leventhal's statement, these new manuals do *not* indicate reflection upon this Court's mass arrest decisions and do *not* rectify the problems identified in this litigation." Brief for Appellants at 10 (emphasis in original). According to appellants, the district court should have reopened the case because the new manuals deeply undercut the basic premise of the five judges who authored or joined the statements of reasons for denying a rehearing en banc when this case first came before us; knowledge of the adoption of these manuals, appellants assert, "would probably have altered this Court's decision to deny en banc review." *Id.* at 13.[4]

■ Appellants misconstrue the purpose of a motion to reopen a record because of newly discovered evidence. This procedure is not designed to allow parties to test whether a majority of an appellate court, if faced with the question a second time, would decide to reconsider en banc a panel decision that has since been implemented by the district court on remand. Instead, the motion presents the issue of whether newly discovered evidence changes the factual picture of a case to such an extent that, under the applicable legal principles, the district court would likely reach a different result. The district court has broad discretion in

ruling on the motion, and an appellate court will not reverse unless the appellants show that this discretion has been abused. *See, e. g., Benn v. Sankin,* 133 U.S.App.D.C. 361, 362, 410 F.2d 1060, 1061 (D.C.Cir.1969) (per curiam), *cert. denied,* 396 U.S. 1041, 90 S.Ct. 681, 24 L.Ed.2d 685 (1970); *Von der Heydt v. Kennedy,* 112 U.S.App.D.C. 78, 82, 299 F.2d 459, 463 (D.C.Cir.), *cert. denied,* 370 U.S. 916, 82 S.Ct. 1554, 8 L.Ed.2d 498 (1962). "[I]t is most exceptional for an appellate court to interfere with the discretion exercised by the trial court in determining this issue . . . ." *Harris v. Whiteman,* 243 F.2d 563, 565 (5th Cir. 1957), *rev'd per curiam on other grounds sub nom. Butler v. Whiteman,* 356 U.S. 271, 78 S.Ct. 734, 2 L.Ed.2d 754 (1958). *See generally* 6A *Moore's Federal Practice* ¶¶ 59.07, .08[3] (1973); 11 C. Wright & A. Miller, *Federal Practice & Procedure* §§ 2804, 2808 (1973).

■ We cannot say that Judge Waddy abused his discretion in deciding not to reopen the record; indeed, his decision was quite appropriate. In the first place, the law of this case is established by the panel opinion in *Cullinane.* Although appellants dwell on the separate statements of Chief Judge Bazelon and Judge Leventhal, these judges' remarks were contained in statements of reasons for declining to vote for a rehearing en banc. The statements, while of course appropriate and helpful to the development of the law in this complex and important area, did not purport to "reverse" the panel opinion on its resolution of the issues in this particular case.[5] Appel-

and was not mentioned at oral argument. We have determined that under rule 59 standards, the trial court's discretionary denial of appellants' motion must be affirmed. Our hesitance to disturb the district court's decision would be no less if we decided the case in terms of rule 60(b). *See* 7 *Moore's Federal Practice* ¶ 60.19 (1971); 11 C. Wright & A. Miller, *supra* § 2857. Therefore, we need not reach the question of whether rule 60(b), rather than rule 59, is actually the rule that should apply in the circumstances at hand.

4. Appellants thus contend that "[t]he manuals meet the usual criteria for the admission of newly discovered evidence: They could not have been discovered prior to the 1974 trial because they were not yet in existence, and

they would probably have altered this Court's decision to deny en banc review." Brief for Appellants at 13.

5. Appellants express concern that the panel's decision, but not the separate statements of Chief Judge Bazelon and Judge Leventhal, has been headnoted in the West Publishing Company's reporters and indexed throughout that company's system of legal publications. *See* Brief for Appellants at 46 n.42. How a private, unofficial reporter may choose to headnote and index our decisions, however, is not a factor that will influence our resolution of legal issues. We are confident that members of the bar can read and digest for themselves the separate statements by Chief Judge Bazelon

lants' "new evidence," addressed as it is to this court's motivation for declining to reconsider the panel's decision, is simply outside the proper scope of a rule 59 motion to reopen the record.

■ Even if the "newly discovered evidence" were more closely attuned to the intended purpose of such a motion, Judge Waddy's ruling in this case would nonetheless be appropriate for a second reason: his decision serves the important policy of our judicial system that questions of law, particularly constitutional ones, should not be resolved in a vacuum, but instead should be decided only when there is a concrete factual background sufficient to allow a well-considered judicial response. *See Socialist Labor Party v. Gilligan*, 406 U.S. 583, 588–89, 92 S.Ct. 1716, 1719–1720, 32 L.Ed.2d 317 (1972); *United Public Workers of America (C.I.O.) v. Mitchell*, 330 U.S. 75, 89–91, 67 S.Ct. 556, 564, 565, 91 L.Ed. 754 (1947). Here, the police activity that gave rise to the original controversy in this case occurred nearly a decade ago, and appellants allege no misconduct occurring pursuant to the newly issued manuals. Therefore, even if there is a continuing "case or controversy" in the constitutional sense, *see* U.S. Const. art. III, § 2, Judge Waddy's decision not to reopen the case reflects a sound exercise of his discretion.

In affirming the district court, we intimate no views on the constitutionality of the provisions contained in the new manuals. Moreover, appellants remain free, of course, to file a new complaint if they believe that actual police misconduct is occurring under these manuals. At present, all we conclude is that "under the circumstances here presented this litigation has run its course." *Washington Free Community, Inc. v. Wilson*, 157 U.S.App.D.C. 360, 368, 484 F.2d 1078, 1086 (D.C.Cir.1973).

*Affirmed.*

and Judge Leventhal, and courts can decide the impact, if any, the statements may have on the precedential value of the panel's decision. Moreover, we will not vacate the panel opinion and reinstate the original district court judg-

ment, as appellants request, *see id.* at 50–52, for the panel opinion continues to represent a decision of this court, one that the full court has refused to reconsider.