WRIGHT, Presiding Judge.
This is an appeal from the granting of a motion for new trial upon the issue of damages.
On October 12, 1980, plaintiffs W. Richard Anthony II and Janice Kay Anthony executed a general sales contract with defendants, Clyde H. Earnest and Donna H. Earnest for the purchase of 1.16 acres of realty. The sales contract provided that the purchase price was to be $15,000. An additional provision of the contract, the basis of this suit, provided that “[SJeller [is] to provide public water to subject property by February 1, 1982.”
Plaintiffs filed suit on June 28, 1982, seeking specific performance, rescission of the contract or damages for breach of contract and fraud. Defendants were served with the complaint July 1, 1982. After defendants failed to respond to the complaint within thirty days, the court entered a default judgment in the amount of $14,-000 plus costs. Defendants moved to set aside the judgment. A hearing was held October 1, 1982, and the court set aside the judgment. A trial was then held on the merits.
Plaintiff testified that at the sale closing, defendant told him that the proceeds from the sale would be used to purchase pipe which was all that was needed to get water to the property being conveyed. Plaintiff also testified that defendant was to purchase pipe, and the Roupes Valley Water Authority was to lay the pipe adjacent to plaintiffs property across the highway. He further testified that the pipe has now been laid across the road from Indian Fort Lodge down past the subdivision where his lot is located. All that remains to be completed is for the pipe to be laid across the road and for the system to be tested.
Plaintiff introduced evidence through a real estate appraiser that the lot was currently worth $7,450, while a comparable nearby piece of property, having water and sewage, sold for $14,500. Defendant testified that he used $2,600 from the sale of the property to pay for water pipe. He further stated that though he encouraged Roupes Valley to install the pipe, he did not have a contract with Roupes Valley to ht stall pipe or bring water to the property at the time plaintiffs purchased it.
Judgment was rendered for plaintiff in the amount of $7,550. Defendants moved to alter, amend or vacate the decree, for relief from judgment or alternatively for new trial,' averring newly discovered evidence. The court granted defendants a new trial. Plaintiffs appeal.
The dispositive issue presented by the appeal is whether events occurring subsequent to trial qualify as newly discovered evidence warranting a new trial under Rule 59, A.R.Civ.P.
The new trial was granted only as to the issue of damages. Committee comments under Rule 59, A.R.Civ.P. indicate that in nonjury cases a new trial may be granted on part, rather than all, of the issues where such action is appropriate. According to the comments a partial new trial is appropriate where justice demands such and where the issues are severable without confusion or injustice resulting to the parties.
The granting of a new trial, though generally a matter within the discretion of the trial judge, Hill v. Cherry, 379 So.2d 590 (Ala.1980), is not without limits. All of the authority under Rule 59 of the Federal Rules of Civil Procedure limits the granting of a new trial based on newly discovered evidence to undiscovered facts existing at the time of trial. Ryan v. U.S. Lines Co., 303 F.2d 430 (2d Cir.1962). “Newly discovered evidence must be of facts existing at the time of trial. The moving party must have been excusably ignorant of the *1258 facts despite using due diligence to learn about them.” 8 C. Wright & A. Miller, Federal Practice and Procedure: Civ. § 2808 (1973). See also, Washington Mobilization Committee v. Jefferson, 617 F.2d 848 (D.C.Cir.1980).
In the present case the newly discovered evidence concerned undiscovered facts occurring subsequent to the trial. The court’s order provided, inter alia, “[tjhat since the rendition of the final decree of February 4, 1983, the Defendant has discovered that the Roupes Valley Water Authority has completed the water line to the Plaintiff's property.” (Emphasis supplied.) Thus, since the newly discovered evidence occurred subsequent to the trial, a new trial under Rule 59, A.R.Civ.P. is not warranted. We therefore reverse the trial court’s grant of a new trial.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ„ concur.